In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00063-CV


______________________________




IN RE: JACKIE LYNN AUSTIN








 


Original Mandamus Proceeding









 
 



Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley








MEMORANDUM OPINION



 Jackie Lynn Austin, a defendant in a criminal case pending in the 102nd Judicial District
Court of Red River County has filed a petition for writ of mandamus asking this Court to order the
trial court to withdraw its order denying his motion for continuance, and directing the trial court to
continue the case until Austin's state-appointed psychologist can complete his evaluation of the
defendant.

 Mandamus relief is proper only to correct a clear abuse of discretion when there is no
adequate remedy by appeal. In re Tex. Dep't of Family & Protective Servs., 210 S.W.3d 609, 612
(Tex. 2006); In re Prudential Ins. Co. of Am., 148 S.W.3d 124, 135-36 (Tex. 2004). The Texas
Supreme Court explained that a trial court clearly abuses its discretion if "it reaches a decision so
arbitrary and unreasonable as to amount to a clear and prejudicial error of law." Walker v. Packer,
827 S.W.2d 833, 839 (Tex. 1992). In this case, the issue is not a pure issue of law, and is thus a
matter for determination by the trial court based on the information available to the court. 

 As also explained by the Texas Court of Criminal Appeals, to establish entitlement to
mandamus relief, a relator must show (1) that the act sought to be compelled is purely ministerial
and (2) that there is no adequate remedy at law. Aranda v. District Clerk, 207 S.W.3d 785, 786
(Tex. Crim. App. 2006); Winters v. Presiding Judge of Crim. Dist. Court No. Three of Tarrant
County, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003).

 The trial court's ruling on a motion for continuance is a discretionary decision. Heiselbetz
v. State, 906 S.W.2d 500 (Tex. Crim. App. 1995); see Tex. Code Crim. Proc. Ann. arts. 29.03,
29.06(6) (Vernon 2006). On appeal, to establish an abuse of discretion, there must be a showing that
the defendant was actually prejudiced by the denial of his motion. Janecka v. State, 937 S.W.2d 456,
468 (Tex. Crim. App. 1996); Heiselbetz, 906 S.W.2d at 511.

 Thus, the trial court's decision on the motion to continue is a discretionary determination by
the court, based on the factual circumstances surrounding the case, and is not ministerial in
nature--and it is a ruling that (if appropriate) could be raised by counsel and addressed on appeal.

 We deny the petition.



 Bailey C. Moseley

 Justice


Date Submitted: May 9, 2007

Date Decided: May 9, 2007



style="font-family: 'Times New Roman', serif">                                                                        Jack Carter
                                                                        Justice
 
Date Submitted:          January 11, 2006
Date Decided:             January 12, 2006