

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-08-00086-CV
_____

IN RE:
JOE NATHAN MIDDLETON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

According to Joe Nathan Middleton's petition for writ of mandamus, the District Clerk of Travis County, Texas, Amalia Rodriguez-Mendoza, is refusing to file Middleton's motion for a free reporter's record. Middleton asks us to order Rodriguez-Mendoza both to file that motion and to forward it to the presiding judge of the 403rd Judicial District Court of Travis County, Texas. We dismiss Middleton's petition for want of jurisdiction.

We may grant a petition for writ of mandamus when the applicant shows "(1) that the act sought to be compelled is purely ministerial and (2) that there is no adequate remedy at law." *Aranda v. District Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding) (citing *Winters v. Presiding Judge of the Criminal Dist. Court No. Three of Tarrant County*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003)); *see also D.R. Horton, Inc. v. Brooks*, 207 S.W.3d 862, 866 (Tex. App.—Houston [14th Dist.] 2006, orig. proceeding). Except for extraordinary circumstances (which do not seem to be present in this case), a district clerk has a ministerial duty to file an inmate's motion in a criminal case. *See Aranda*, 207 S.W.3d at 786–87. Because Middleton has no right to appeal the clerk's alleged failure to file his motion for a free reporter's record, Middleton clearly has no other adequate remedy at law. *Cf. id.* at 787.

The Texas Legislature has geographically limited the jurisdiction of this Court. Our appellate district consists of the counties in Northeast Texas, including Bowie, Camp, Cass, Delta, Fannin, Franklin, Gregg, Harrison, Hopkins, Hunt, Lamar, Marion, Morris, Panola, Red River, Rusk, Titus,

Upshur, and Wood. TEX. GOV'T CODE ANN. § 22.201(g) (Vernon Supp. 2008). Intermediate appellate jurisdiction over Travis County, Texas, lies with our sister court, the Third Court of Appeals. TEX. GOV'T CODE ANN. § 22.201(d) (Vernon Supp. 2008), § 22.204 (Vernon 2004). Our authority to issue extraordinary writs (such as a writ of mandamus) extends only as such would be against a "judge of a district or county court in the court of appeals district; or [a] judge of a district court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal Procedure, in the court of appeals district." TEX. GOV'T CODE ANN. § 22.221(b) (Vernon 2004).

As Middleton seeks the issuance of a writ of mandamus against the district clerk of a county that lies outside our jurisdiction, we lack such authorization from the Texas Legislature. Accordingly, we must dismiss Middleton's petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice


Date Submitted:     August 6, 2008
Date Decided:      August 7, 2008

3