In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00086-CV


______________________________





IN RE:


JOE NATHAN MIDDLETON








 


Original Mandamus Proceeding







 
 



Before Morriss, C.J., Carter and Moseley, JJ.

Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 According to Joe Nathan Middleton's petition for writ of mandamus, the District Clerk of
Travis County, Texas, Amalia Rodriguez-Mendoza, is refusing to file Middleton's motion for a free
reporter's record. Middleton asks us to order Rodriguez-Mendoza both to file that motion and to
forward it to the presiding judge of the 403rd Judicial District Court of Travis County, Texas. We
dismiss Middleton's petition for want of jurisdiction.

 We may grant a petition for writ of mandamus when the applicant shows "(1) that the act
sought to be compelled is purely ministerial and (2) that there is no adequate remedy at law." 
Aranda v. District Clerk, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding) (citing
Winters v. Presiding Judge of the Criminal Dist. Court No. Three of Tarrant County, 118 S.W.3d
773, 775 (Tex. Crim. App. 2003)); see also D.R. Horton, Inc. v. Brooks, 207 S.W.3d 862, 866 (Tex.
App.--Houston [14th Dist.] 2006, orig. proceeding). Except for extraordinary circumstances (which
do not seem to be present in this case), a district clerk has a ministerial duty to file an inmate's
motion in a criminal case. See Aranda, 207 S.W.3d at 786-87. Because Middleton has no right to
appeal the clerk's alleged failure to file his motion for a free reporter's record, Middleton clearly has
no other adequate remedy at law. Cf. id. at 787.

 The Texas Legislature has geographically limited the jurisdiction of this Court. Our appellate
district consists of the counties in Northeast Texas, including Bowie, Camp, Cass, Delta, Fannin,
Franklin, Gregg, Harrison, Hopkins, Hunt, Lamar, Marion, Morris, Panola, Red River, Rusk, Titus,
Upshur, and Wood. Tex. Gov't Code Ann. § 22.201(g) (Vernon Supp. 2008). Intermediate
appellate jurisdiction over Travis County, Texas, lies with our sister court, the Third Court of
Appeals. Tex. Gov't Code Ann. § 22.201(d) (Vernon Supp. 2008), § 22.204 (Vernon 2004). Our
authority to issue extraordinary writs (such as a writ of mandamus) extends only as such would be
against a "judge of a district or county court in the court of appeals district; or [a] judge of a district
court who is acting as a magistrate at a court of inquiry under Chapter 52, Code of Criminal
Procedure, in the court of appeals district." Tex. Gov't Code Ann. § 22.221(b) (Vernon 2004).

 As Middleton seeks the issuance of a writ of mandamus against the district clerk of a county
that lies outside our jurisdiction, we lack such authorization from the Texas Legislature. 
Accordingly, we must dismiss Middleton's petition for writ of mandamus.



 Josh R. Morriss, III

 Chief Justice



Date Submitted: August 6, 2008

Date Decided: August 7, 2008




"> 
                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      February 1, 2006
Date Decided:         February 23, 2006

Do Not Publish