NUMBERS 13-09-00375-CR, 13-09-00376-CR,


13-09-00377-CR, & 13-09-00378-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG






IN RE: DAVID BAILEY






On Petition for Writ of Mandamus.






MEMORANDUM OPINION



Before Chief Justice Valdez and Justices Yañez and Benavides


Per Curiam Memorandum Opinion (1)


 Relator, David Bailey, has filed pro se petitions for writ of mandamus in the
foregoing causes complaining that the respondent, Aurora De La Garza, the District Clerk
of Cameron County, Texas, did not forward documents allegedly constituting notices of
appeal to this Court in 1988. 

 This Court does not have mandamus jurisdiction over district clerks unless it is
shown that issuance of the writ is necessary to enforce our jurisdiction. See Tex. Gov't
Code Ann. § 22.221(a), (b) (Vernon 2004); In re Smith, 263 S.W.3d 93, 95 (Tex.
App.-Houston [1st Dist.] 2006, orig. proceeding); In re Washington, 7 S.W.3d 181, 182
(Tex. App.-Houston [1st Dist.] 1999, orig. proceeding); In re Coronado, 980 S.W.2d 691,
692 (Tex. App.-San Antonio 1998, orig. proceeding); see also In re Nubine, No.
13-08-507-CV, 2008 Tex. App. LEXIS 6534, at *1 (Tex. App.-Corpus Christi Aug. 27,
2008, orig. proceeding) (per curiam) (mem. op). For instance, mandamus relief is
appropriate when a trial court clerk fails to file and forward a notice of appeal to the
appropriate court of appeals. In re Smith, 270 S.W.3d 783, 785 (Tex. App.-Waco 2008,
orig. proceeding); Smith, 263 S.W.3d at 95-96; Washington, 7 S.W.3d at 182; see also
Aranda v. District Clerk Clerk, 207 S.W.3d 785, 786-87 (Tex. Crim. App. 2006) (orig.
proceeding) (per curiam) (granting mandamus relief where district clerk failed to file
postconviction habeas application). However, while courts of appeals have mandamus
jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction
over matters related to post-conviction relief from otherwise final felony convictions. See
Tex. Code Crim. Proc. Ann. art. 11.07 § 3 (Vernon Supp. 2008); In re McAfee, 53 S.W.3d
715, 717 (Tex. App.-Houston [1st Dist.] 2001, orig. proceeding). 

 The Court, having examined and fully considered the petition for writ of mandamus,
is of the opinion that we lack jurisdiction to consider this matter. Accordingly, the petition
for writ of mandamus is DISMISSED FOR WANT OF JURISDICTION. See Tex. R. App.
P. 52.8(a). 


 PER CURIAM


Do not publish. See Tex. R. App. P. 47.2(b).


Memorandum Opinion delivered and filed

this 9th day of July, 2009.

 

 

1. See Tex. R. App. P. 52.8(d) ("When denying relief, the court may hand down an opinion but
is not required to do so."); Tex. R. App. P. 47.4 (distinguishing opinions and memorandum opinions).