

**NUMBERS 13-09-00375-CR, 13-09-00376-CR,
13-09-00377-CR, & 13-09-00378-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## IN RE: DAVID BAILEY

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Yañez and Benavides
### Per Curiam Memorandum Opinion[1]

Relator, David Bailey, has filed pro se petitions for writ of mandamus in the foregoing causes complaining that the respondent, Aurora De La Garza, the District Clerk of Cameron County, Texas, did not forward documents allegedly constituting notices of appeal to this Court in 1988.

This Court does not have mandamus jurisdiction over district clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction. *See* TEX. GOV'T

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); TEX. R. APP. P. 47.4 (distinguishing opinions and memorandum opinions).

CODE ANN. § 22.221(a), (b) (Vernon 2004); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.–Houston [1st Dist.] 2006, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.–Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.–San Antonio 1998, orig. proceeding); *see also In re Nubine*, No. 13-08-507-CV, 2008 Tex. App. LEXIS 6534, at *1 (Tex. App.–Corpus Christi Aug. 27, 2008, orig. proceeding) (per curiam) (mem. op). For instance, mandamus relief is appropriate when a trial court clerk fails to file and forward a notice of appeal to the appropriate court of appeals. *In re Smith*, 270 S.W.3d 783, 785 (Tex. App.–Waco 2008, orig. proceeding); *Smith*, 263 S.W.3d at 95-96; *Washington*, 7 S.W.3d at 182; *see also Aranda v. District Clerk Clerk*, 207 S.W.3d 785, 786-87 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam) (granting mandamus relief where district clerk failed to file postconviction habeas application). However, while courts of appeals have mandamus jurisdiction in criminal matters, only the Texas Court of Criminal Appeals has jurisdiction over matters related to post-conviction relief from otherwise final felony convictions. *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 § 3 (Vernon Supp. 2008); *In re McAfee*, 53 S.W.3d 715, 717 (Tex. App.–Houston [1st Dist.] 2001, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction to consider this matter. Accordingly, the petition for writ of mandamus is DISMISSED FOR WANT OF JURISDICTION. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and filed
this 9th day of July, 2009.

2