In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00133-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

ZACHARY
W. LAWSON

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                              Memorandum
Opinion by Justice Carter

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Zachary W. Lawson has filed a petition
for writ of mandamus in which he asks this Court to order the Fifth Judicial
District Court of Cass County, Texas, to rule on his motion to dismiss
forfeiture proceedings in trial court cause number 07C477.  Lawson filed his motion to dismiss  forfeiture proceeding on October 10, 2010,[1]
claiming the State brought a lawsuit for the seizure of $1,623.00 in United States
currency, seven swords and knives (collector decorations), a shotgun, a rifle,
and a pistol on or about August 21, 2007, and has failed to prosecute that
action.   Lawson claims that his motion
to dismiss was not ruled upon within a reasonable time.[2]

            We may grant a petition for writ of
mandamus when the relator shows that there is no adequate remedy at law to
redress the alleged harm and that the act to be compelled is purely
ministerial.  Aranda v. Dist. Clerk, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006)
(orig. proceeding) (citing Winters v.
Presiding Judge of Criminal Dist. Court No. Three, 118 S.W.3d 773, 775
(Tex. Crim. App. 2003)).  When a motion
is properly filed and pending before a trial court, the act of considering and
ruling on that motion is a ministerial act which may be compelled by mandamus.  Eli
Lilly & Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992).  But the 
trial court has a reasonable time within which to perform its
ministerial duty.  Safety-Kleen Corp. v. Garcia, 945 S.W.2d
268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

            Whether
a reasonable period of time has lapsed is dependent on the circumstances of
each case.  Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.—Houston
[1st Dist.] 1992, orig. proceeding).

            Lawson’s motion has been pending for
approximately two months.[3]  We cannot say the trial court has
unreasonably delayed in ruling on Lawson’s motion, in light of the fact that
the motion was pending over the Thanksgiving holiday.  We, therefore, deny Lawson’s petition for
writ of mandamus.   

            

 

                                                                                    Jack
Carter

                                                                                    Justice

 

Date
Submitted:          December 13, 2010

Date
Decided:             December 14, 2010

 

 

 











[1]Lawson
indicates that he originally filed his motion to dismiss on August 31,
2010.  A copy of this motion was attached
to Lawson’s petition, but is not file-marked.  The clerk of the Cass County District Court,
where the forfeiture action is pending, has confirmed that this motion was not
filed.

 





[2]Lawson
suggests that this Court rule on the merits of the forfeiture action.  This Court does not have jurisdiction to
determine the merits of the forfeiture action currently pending in the trial
court. 





[3]Exhibit
B to Lawson’s petition is a copy of a notice of intent which advises the trial
court of the pending motion to dismiss for want of prosecution and intent to
file a petition for writ of mandamus to compel the trial court to act on said
motion.  Notwithstanding the incorrect
salutation, the office of the Cass County District Clerk has confirmed said
notice of intent was filed on November 12, 2010.  Exhibit C to Lawson’s petition is a copy of a
letter to the Cass County District Clerk dated November 14, 2010, asking the
clerk to present Lawson’s motion to dismiss to the trial court for
consideration.  While the attached letter
is not file-marked, the office of the Cass County District Clerk has confirmed
said letter was filed on November 17, 2010.