**Opinion issued May 21, 2013**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-12-00632-CR

————————————

## IN RE CHARLES H. FOWLER, Relator

---

## Original Proceeding on Petition for Writ of Mandamus

---

## MEMORANDUM OPINION

Relator Charles H. Fowler filed a petition for writ of mandamus[1] complaining that Harris County District Clerk Chris Daniels refused to docket his Article 11.09 post-conviction application for writ of habeas corpus and/or directed

---

[1] The underlying case is Case No. 995516, *State of Texas v. Charles H. Fowler*, the 248th District Court, Harris County, the Honorable Joan Campbell, presiding.

his subordinates to return the application to Relator and incorrectly instruct Relator to re-file it as an Article 11.07 petition.[2]  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (West Supp. 2012), art. 11.09 (West 2005).

## Background

On October 19, 2010, Fowler filed a post-conviction application for writ of habeas corpus challenging the validity of a 2004 misdemeanor theft conviction (trial court case number 995516).  *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (governing post-conviction writs of habeas corpus challenging misdemeanor convictions).  The District Clerk's office subsequently returned the application to Fowler and instructed him to re-file it as an application for a writ of habeas corpus pursuant to Article 11.07 of the Code of Criminal Procedure, using an enclosed form.  *See* TEX. CODE CRIM. PROC. ANN. art. 11.07 (governing post-conviction writs of habeas corpus challenging felony convictions in non-death penalty cases).  Fowler spoke with the deputy clerk who sent him the letter, and her supervisor, before sending a January 14, 2011 letter to the District Clerk's office arguing that,

---

[2]     Fowler also complains that the judgment in Case No. 995516 is void on its face. The validity of the judgment in Case No. 995516, however, is the subject of Fowler's underlying application for writ of habeas corpus which has not been docketed and on which the trial court has never ruled.  This Court has no original habeas corpus jurisdiction in criminal law matters. *See* TEX. GOV'T CODE ANN. § 22.221(d) (West 2004); *see also Watson v. State*, 96 S.W.3d 497, 500 (Tex. App.—Amarillo 2002, pet. ref'd) (citing to Government Code § 22.221 and stating that courts of appeals do not have original habeas corpus jurisdiction in criminal cases).

2

because his application was challenging the validity of a *misdemeanor* conviction, it was governed by Article 11.09, not Article 11.07, thus, he was not required to use the Article 11.07 form to file his application for writ of habeas corpus. Fowler further argued that the application should be filed and docketed as originally submitted. To date, it does not appear that Fowler has resubmitted his application on the Article 11.07 form provided to him by the District Clerk's office, or that the District Clerk has docketed the application originally submitted by Fowler in October 2010, despite his repeated requests for them to do so.

On July 11, 2012, Real Party in Interest, the Harris County District Attorney's Office, filed a response to Fowler's petition at the Court's request. In its initial response, the DA's office essentially agreed that Fowler's application was properly submitted pursuant to Article 11.09, the District Clerk's office should not have directed him to re-file his application using the form required by the Court of Criminal Appeals for Article 11.07 applications (applications over which the CCA has original jurisdiction), and that the District Clerk had a ministerial duty to file the application Fowler submitted on October 19, 2010. The DA's office concluded, "To the extent that [the District Clerk] has refused to accept [Fowler's] Article 11.09 application for writ of habeas corpus for filing, it appears [Fowler] would be entitled to limited mandamus relief under [*Deleon v. Dist. Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006)]. However, [the District

3

Clerk] may be aware of distinguishing facts or applicable case law that could undermine this conclusion."

One week later, the DA's office submitted a second letter, stating that although Fowler alleged in his petition for writ of mandamus that his application had been *returned* rather than *filed*, Fowler acknowledged (in a letter filed in response to the DA's office's July 11 letter) that his application for writ of habeas corpus was currently on file with the District Clerk's office. The DA's office further stated that, "[g]iven this new assertion, mandamus relief would not be appropriate against the Respondent, District Clerk, who would necessarily have complied with the ministerial duty recognized in *Deleon v. Dist[.] Clerk*, 187 S.W.3d 473, 474 (Tex. Crim. App. 2006) (orig. proceedings) to accept Relator's application for writ of habeas corpus for filing."

Although he was given an opportunity to do so, the District Clerk has not filed a response to Fowler's petition for writ of mandamus.

**Mandamus as a Remedy**

An applicant for habeas corpus relief has a constitutional right of access to the courts as well as a statutory right to file an application for writ of habeas corpus with the district clerk. *See* TEX. CONST., art. I, § 12; TEX. CODE CRIM. PROC. ANN. art. 11.09 (stating in pertinent part that "a person . . . confined on a charge of misdemeanor . . . may apply to the county judge of the county in which the

4

misdemeanor is charged to have been committed" for a post-conviction writ of habeas corpus). The district clerk's office has a ministerial duty to file any properly submitted habeas applications. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09; *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786–87 (Tex. Crim. App. 2006); *Deleon*, 187 S.W.3d at 474. There is no provision for an appeal concerning the district clerk's refusal to perform the ministerial duty to accept and file papers. *See DeLeon*, 187 S.W.3d at 474.

## Discussion

On October 19, 2010, Fowler filed a post-conviction application for writ of habeas corpus with the District Clerk's office challenging the validity of a 2004 misdemeanor theft conviction. *See* TEX. CODE CRIM. PROC. ANN. art. 11.09 (governing post-conviction writs of habeas corpus challenging misdemeanor convictions). Although the application was properly submitted pursuant to Article 11.09, the District Clerk's office returned the application to Fowler and erroneously instructed him to resubmit his application using a form for Article 11.07 writs. Fowler's writ bears a file-stamp indicating that the writ was received by the District Clerk's office on October 19, 2010, however, the record indicates that Fowler's application was never assigned a separate case number or otherwise entered into the clerk's filing system.

The District Clerk's office had a ministerial duty to file and assign a case number to Fowler's habeas application. TEX. CODE CRIM. PROC. ANN. art 11.09; *DeLeon*, 187 S.W.3d at 474. Because Fowler has no right to appeal the District Clerk's refusal to do so, Fowler has no remedy at law. *DeLeon*, 187 S.W.3d at 474.

## Conclusion

Because all requirements for mandamus relief have been fulfilled, we conditionally grant Fowler's application for writ of mandamus, direct Fowler to resubmit his Article 11.09 application for writ of habeas corpus to the District Clerk's office within 30 days of our order, and direct the District Clerk to file Fowler's Article 11.09 application and assign the matter a case number. We are confident the District Clerk's office will promptly comply, and our writ will issue only if it does not.

## PER CURIAM

Panel consists of Justices Keyes, Sharp, and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

6