

# NUMBER 13-14-00505-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE CHRISTOPHER GRISSOM

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Longoria
### Memorandum Opinion Per Curiam[1]

On September 8, 2014, relator Christopher Grissom, proceeding pro se, filed a petition for writ of mandamus seeking relief against respondent Patsy Perez, the District Clerk of Nueces County, Texas, because relator has not received a response or other ruling regarding relator's motion for nunc pro tunc judgment. We dismiss this original proceeding for want of jurisdiction.

## I. STANDARD OF REVIEW

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that the relator must furnish an appendix or record that is sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

## II. ANALYSIS

Relator's petition for writ of mandamus fails to meet the foregoing requirements insofar as it fails to include a clear and concise argument for the contentions made with appropriate citations to relevant authority and it fails to contain either an appendix or a record. *See id.* R. 52.3. More saliently, however, this Court does not have mandamus jurisdiction over district clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West, Westlaw through 2013 3d C.S.); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San

Antonio 1998, orig. proceeding). For instance, mandamus relief is appropriate when a clerk fails to file and forward a notice of appeal to the appropriate court of appeals. *In re Smith*, 270 S.W.3d 783, 785 (Tex. App.—Waco 2008, orig. proceeding); *In re Smith*, 263 S.W.3d at 95–96; *In re Washington*, 7 S.W.3d at 182; *see also Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786–87 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam) (granting mandamus relief where the district clerk failed to file a post-conviction habeas application). In this case, relator has neither argued nor shown that issuance of the writ is necessary to enforce our appellate jurisdiction.

## III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction to consider this matter. Accordingly, the petition for writ of mandamus is DISMISSED for want of jurisdiction. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
11th day of September, 2014.

3