

# NUMBER 13-14-00673-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE JUSTIN L. VENEGAS

### On Petition for Writ of Mandamus.

# MEMORANDUM OPINION

### Before Justices Rodriguez, Benavides, and Perkes
### Memorandum Opinion Per Curiam[1]

On November 25, 2014, relator Justin L. Venegas, proceeding pro se, filed a petition for writ of mandamus seeking relief against respondent Patsy Perez, the District Clerk of Nueces County, Texas, to correct relator's judgment of conviction and to transmit the correction to the Texas Department of Criminal Justice.

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

## I. STANDARD OF REVIEW

To be entitled to mandamus relief, the relator must establish both that he has no adequate remedy at law to redress his alleged harm and that what he seeks to compel is a ministerial act not involving a discretionary or judicial decision. *State ex rel. Young v. Sixth Jud. Dist. Ct. of App. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007). If the relator fails to meet both of these requirements, then the petition for writ of mandamus should be denied. *See id.* In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. In this regard, it is clear that the relator must furnish an appendix or record that is sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record).

## II. ANALYSIS

Appellant was found guilty of burglary of a habitation with intent to commit assault, a second-degree felony and was assessed punishment at ten years' confinement. *See* TEX. PEN. CODE ANN. § 30.02(a)(1), (c) (West, Westlaw through 2013 3d C.S.). On appeal, the State conceded two errors in the judgment: (1) the judgment incorrectly provided that the trial court's verdict was "Burglary of A Habitation With The Commission Of A Felony" whereas appellant was convicted of the lesser offense of burglary of a habitation with intent to commit assault; and (2) the judgment incorrectly provided that appellant pleaded true to the first enhancement paragraph in the charge. *See Venegas*

*v. State*, No. 13-07-00396-CR, 2009 WL 4458710, at \*1 (Tex. App.—Corpus Christi Dec. 3, 2009, pet. ref'd).  This Court modified the judgment to recite that appellant was convicted of the offense of burglary of a habitation with intent to commit assault, a second-degree felony, and to remove the word "True" as appellant's plea to the first enhancement paragraph, and we affirmed the judgment as modified.  *See id.* at \*6.

This Court does not have mandamus jurisdiction over clerks unless it is shown that issuance of the writ is necessary to enforce our jurisdiction.  *See* TEX. GOV'T CODE ANN. § 22.221(a), (b) (West, Westlaw through 2013 3d C.S.); *In re Smith*, 263 S.W.3d 93, 95 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding); *In re Washington*, 7 S.W.3d 181, 182 (Tex. App.—Houston [1st Dist.] 1999, orig. proceeding); *In re Coronado*, 980 S.W.2d 691, 692 (Tex. App.—San Antonio 1998, orig. proceeding).  For instance, mandamus relief is appropriate when a clerk fails to file and forward a notice of appeal to the appropriate court of appeals.  *In re Smith*, 270 S.W.3d 783, 785 (Tex. App.—Waco 2008, orig. proceeding); *In re Smith*, 263 S.W.3d at 95–96; *In re Washington*, 7 S.W.3d at 182; *see also Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786–87 (Tex. Crim. App. 2006) (orig. proceeding) (per curiam) (granting mandamus relief where the district clerk failed to file a post-conviction habeas application).  Relator has not shown that issuance of the writ is necessary to enforce our jurisdiction.  We have modified the judgment at issue, and nothing in the record before us indicates that the District Clerk has failed to follow our mandate.

### III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, is of the opinion that we lack jurisdiction to consider this matter. Accordingly, the petition for writ of mandamus is DISMISSED for want of jurisdiction. *See* TEX. R. APP. P. 52.8(a).

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
1st day of December, 2014.

4