

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

---

No. 06-15-00090-CR

---

IN RE MARK EUGENE ENGLE

---

Original Mandamus Proceeding

---

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Relator Mark Eugene Engle, acting pro se, has petitioned this Court for mandamus relief. Engle claims to have filed several motions in the trial court seeking various actions from that court.[1] Engle's petition claims that the trial court has failed to rule on Engle's motions in a reasonable time. He asks this Court to issue a writ of mandamus to compel the respondent trial court to rule on his motions.[2] We deny the requested relief.

We may grant a petition for writ of mandamus when the relator shows that there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding). In proper cases, a writ of mandamus may issue to compel a trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also Eli Lily & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (trial court abuses discretion by refusing to decide motion); *Chiles v. Schuble*, 788 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (mandamus appropriate remedy to require trial court to hold hearing and exercise discretion). Trial courts are not required to consider or rule on a motion unless the motion is called to the court's attention. *See Blakeney*, 254 S.W.3d at 662.

---

[1]According to his petition, Engle filed with the trial court at least six different motions with innovative names, seeking various results regarding grand jury minutes, Engle's status of guilt or innocence, certain property, the record on appeal, and dismissal of the case. In an appeal currently pending with this Court, Engle's brief is not yet due, and he is represented by appointed counsel.

[2]While we may, where appropriate, direct a trial court to rule on a motion after a reasonable time, we cannot instruct the trial court how to rule. *In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding).

Engle's petition is not accompanied by a certified or sworn copy of the motions that are the subject of his complaint, as is required by law. *See* TEX. R. APP. P. 52.3(k)(1)(A). He has attached a copy of a postcard showing he mailed something by certified mail to the trial court; but there is nothing showing what was mailed, even if he filed the motions as claimed. Engle's failure to provide us with certified or sworn copies of the motions is fatal to his petition. *See id.*.

Engle's petition is also not accompanied by any proof that he brought any of the motions to the attention of the trial court. "[M]andamus relief, however, must be predicated on an adequate showing that a request for a ruling has been properly and adequately presented to the trial court and that the court has declined to rule." *Blakeney*, 254 S.W.3d at 661. Likewise fatal to Engle's petition is his failure to demonstrate that the motions have been brought to the trial court's attention or that the trial court has had a reasonable time in which to rule on the motions.

Pending in this Court is Engle's appeal of his conviction for possession of a controlled substance. *See Engle v. State*, cause number 06-14-00239-CR. In his petition for mandamus relief, Engle claims he requested certain documents by writing the district clerk a letter, which appears in the clerk's record of his appeal. Engle had an obligation to do more than just request copies of records; certified copies of relevant documents must be attached to the petition for mandamus. *See* TEX. R. APP. P. 52.7. Further, the letter in question references only the clerk's record and the grand jury minutes. This letter does not appear to be in the form of a motion and does not reference any motions Engle claims to have filed in the trial court.

It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See* TEX. R. APP. P. 33.1(a), 52.3(k)(1)(A), 52.7(a)(1). Here, the record is

3

inadequate to grant mandamus relief. Accordingly, we deny Engle's petition for writ of mandamus.


Josh R. Morriss, III
Chief Justice

Date Submitted:     June 3, 2015
Date Decided:       June 4, 2015

Do Not Publish