

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00141-CR

IN RE QUINN MCGARY

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

# M E M O R A N D U M   O P I N I O N

Relator, Quinn McGary, proceeding pro se, has petitioned this Court for mandamus relief. McGary claims to have filed a motion in the trial court requesting a speedy hearing on the State's Motion to Revoke his community supervision and that the trial court has failed to rule on it in a timely manner. McGary asks this Court to issue a writ of mandamus to compel the Fifth Judicial District Court of Cass County to rule on his motion.[1]

We may grant a petition for writ of mandamus when the relator shows that there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding). In proper cases, mandamus may issue to compel a trial court to act. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding); *see also Eli Lily & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (trial court abuses discretion by refusing to conduct hearing and render decision on motion); *Chiles v. Schuble*, 788 S.W.2d 205, 207 (Tex. App.—Houston [14th Dist.] 1990, orig. proceeding) (mandamus appropriate remedy to require trial court to hold hearing and exercise discretion). A trial court is not required to consider or rule on a motion unless the motion is called to the court's attention. *See Blakeney*, 254 S.W.3d at 662.

---

[1]We may, where appropriate, direct a trial court to rule on a motion after a reasonable time, but this Court cannot instruct the trial court how to rule. *See In re Shaw*, 175 S.W.3d 901, 904 (Tex. App.—Texarkana 2005, orig. proceeding).

McGary's petition is not accompanied by a certified or sworn copy of the motion that is the subject of his complaint, as is required by the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 52.3(k)(1)(A). This failure to comply with the applicable Rule is fatal to his request for relief.

Further, McGary's petition is accompanied by no proof that he brought this matter to the attention of the trial court, assuming the motion was filed in the first place. "[M]andamus relief, however, must be predicated on an adequate showing that a request for a ruling has been properly and adequately presented to the trial court and that the court has declined to rule." *Blakeney*, 254 S.W.3d at 661. We are unable to determine if this matter has been brought to the trial court's attention or whether the trial court has had a reasonable time in which to rule on McGary's motion.

It is the relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief. *See* TEX. R. APP. P. 33.1(a), 52.3(k)(1)(A), 52.7(a)(1). Here, the record is inadequate to grant mandamus relief. Accordingly, we deny McGary's petition for writ of mandamus.[2]

Ralph K. Burgess
Justice

Date Submitted:     August 25, 2015
Date Decided:       August 26, 2015

Do Not Publish

---

[2]McGary did attach, however, an excerpt from a reporter's record, memorializing the trial court's revocation of McGary's community supervision and sentencing him to ten years' imprisonment. However, there is no cause number on the reporter's record excerpt. More significantly, though, McGary also attached an order discharging him from community supervision. From the documents attached, it appears McGary is no longer on supervision in the cause number at issue.