

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

|  |  |  |
|---|---|---|
| | § | No. 08-23-00069-CR |
| EX PARTE: | § | Appeal from the |
| BILAL MUHAMMAD, | § | 168th Judicial District Court |
| Appellant. | § | of El Paso County, Texas |
| | § | (TC# 2019DCV2636) |

## <u>MEMORANDUM OPINION</u>

Applicant, Bilal Muhammad, proceeding *pro se*, attempts to appeal a purported denial of an "anti-SLAPP motion," brought pursuant to the Texas Citizens Participation Act (TCPA). *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 27.001-27.011.[1] Muhammad claims he filed his anti-SLAPP motion in support of an application for writ of habeas corpus filed in the court below.[2] We dismiss for lack of jurisdiction.

---

[1] The TCPA is popularly known as the Texas Anti-SLAPP statute, which is designed to prevent strategic lawsuits against public participation. *Mesquite Services, LLC v. Standard E&S, LLC*, 610 S.W.3d 548, 555 (Tex. App.—Amarillo 2020, pet. denied). As provided by the legislature, the stated purpose of the TCPA is to encourage and safeguard certain delineated constitutional rights while "at the the same time, protect[ing] the rights of a person to file meritorious lawsuits for demonstrable injury." TEX. CIV. PRAC. & REM. CODE ANN. § 27.002. Among its provisions, the TCPA gives a party to a legal action the ability to move to dismiss a case that arises from the party's exercise of one of the listed constitutional rights. *Id.* § 27.003. The TCPA expressly does not apply to "an enforcement action that is brought in the name of this state by . . . a district attorney, a criminal district attorney, or a county attorney." *Id.* § 27.010 (a)(1).

[2] As to this appeal, we have yet to receive a clerk's record corresponding to Muhammad's notice of appeal. Consequently, we have no basis to confirm whether an Anti-SLAPP motion has been filed in the trial court, and thus,

This marks Muhammad's eighth *pro se* appearance before this Court wherein he brings various challenges against the terms of his pre-trial detention stemming from a pending indictment accusing him of the 2015 murder of Lane Wiscombe. *See Ex parte Muhammad*, No. 08-22-00234-CR, 2022 WL 17553028, at *1 n.1 (Tex. App.—El Paso Dec. 9, 2022, no pet.) (mem. op., not designated for publication) (listing previous appeals). Muhammad awaits trial under cause number 20160D01015 in the 168th Judicial District Court of El Paso County, Texas, based on the pending indictment. *Id.* at *1.

In his most recent appeal to this Court, Muhammad claimed to be appealing, amongst other things, the "denial of his anti-SLAPP motion by operation of law" in his pending application for a writ of habeas corpus challenging his pre-trial bail conditions. *Id.* at *2. There, we held that we did not have jurisdiction to consider that portion of Muhammad's appeal. *Id.* We noted, after "a diligent search of the clerk's record in this cause [we] are unable to locate any such anti-SLAPP motion filed in the court below." *Id.* (citing TEX. R. APP. P. 33.1) (providing that a presentation of a claim to the trial court by timely request, objection, or motion is a prerequisite to appellate review).

In this latest appeal, Muhammad's notice of appeal claims that he filed his anti-SLAPP motion with the trial court clerk on January 4, 2023, approximately a month after our last decision.[3] Muhammad now argues the TCPA allows him an interlocutory appeal because his motion was denied by operation of law when the trial court did not rule on it within thirty days of it being filed. Indeed, Muhammad is correct that § 27.008(a) of the TCPA considers a motion "denied by

___

no basis for understanding the argument or claim asserted by said motion. We limit our opinion to whether Muhammad timely provided an appealable order supporting our jurisdiction of this appeal.

[3] On March 3, 2023, the Clerk of the Court sent a letter to the parties informing them that it appeared there was no appealable order or judgment in support of the appeal. The Clerk provided notice of intent to dismiss the appeal for want of jurisdiction unless any party showed, within 10 days from the date of the notice, grounds for continuing the appeal. *See* TEX. R. APP. P. 27.1(b) (pertaining to a prematurely filed notice of appeal in a criminal case).

operation of law" if the trial court does not timely rule on it. In that situation, a movant may challenge the denial of the motion by bringing an interlocutory appeal to this Court. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 27.008(a).

Here, however, Muhammad miscalculates the time in which a trial court has to issue its ruling. The TCPA states that a motion filed under its terms is deemed denied by operation of law only if it is not ruled on by "the 30th day following *the date the hearing on the motion concludes*." *Id.* §§ 27.005(a), 27.008(a) (emphasis added). Not, as Muhammad argues, thirty days after the motion is *filed*. Further, the TCPA requires that the trial court hold a hearing within 60 days, or within 90 days in certain circumstances, "after *service* of the motion[.]" *Id.* § 27.004(a) (emphasis added). Thus, the trial court has up to 120 days after a TCPA motion is *served* to issue its ruling. And Muhammad does not suggest anywhere in his filings—nor have we found any indication otherwise—that the TCPA motion has been *served* to start this clock. Yet, even assuming the motion was properly served on January 4, 2023—the date Muhammad claims it was filed—the trial court would still have until approximately May 4, 2023, to issue its ruling before it is deemed denied. Because the trial court's time to issue an order has not expired, Muhammad's motion has not been denied by operation of law and the interlocutory appeal permitted by § 27.008(a) is not applicable. Consequently, this Court does not have jurisdiction. *Cabral v. State*, No. 08-19-00048-CR, 2019 WL 698025, at *1 (Tex. App.—El Paso Feb. 20, 2019, no pet.) (mem. op., not designated for publication) ("The courts of appeal do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law.").

Muhammad also appears to claim that Rule 27.1 of the Texas Rules of Appellate Procedure grants jurisdiction over this case because his notice of appeal is merely premature. Even if we assume, without deciding, that an Anti-SLAPP motion may be brought in a habeas proceeding of

this nature, we conclude that Muhammad's appeal is thwarted by another jurisdictional deficiency. That is, a premature notice of appeal in a criminal case is deemed effective only after "the appealable order is signed by the trial court . . . ." TEX. R. APP. P. 27.1(b); *see also Aranda v. District Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) ("Instead, we have said that when a person is confined for violating a criminal statute and files an application for a writ of habeas corpus challenging his confinement, the proceeding is criminal, not civil, in nature."). And there is no order here. Consequently, the Court does not currently have jurisdiction over this appeal. *See State v. Castillo*, No. 07-22-00195-CR, 2023 WL 2267268, at *1 (Tex. App.—Amarillo Feb. 28, 2023, no pet.) (mem. op., not designated for publication) (per curiam) (dismissing the State's interlocutory appeal for lack of jurisdiction when the notice of appeal was filed before the trial court issued a signed, appealable order).

## **CONCLUSION**

Accordingly, we dismiss Muhammad's attempted appeal for lack of jurisdiction.


GINA M. PALAFOX, Justice

March 27, 2023

Before Rodriguez, C.J., Palafox, and Soto, JJ.

(Do Not Publish)