**AFFIRMED; and Opinion Filed January 31st, 2024**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-22-00845-CR

### EX PARTE NICHOLAS TULLETT

**On Appeal from the County Criminal Court No. 3**
**Dallas County, Texas**
**Trial Court Cause No. MC22A0578**

## MEMORANDUM OPINION
Before Justices Molberg, Reichek, and Smith
Opinion by Justice Smith

Nicholas Tullett appeals the denial of his application for habeas corpus by a visiting judge. We affirm the judge's order.

### Background

In July 1996, appellant entered a negotiated plea of no contest to public lewdness. In accordance with the terms of the plea agreement, the trial court convicted appellant and assessed a sentence of ninety days' confinement, suspended the sentence, and placed appellant on community supervision for twelve months.

In February 2022, appellant filed an application for writ of habeas corpus, challenging the 1996 conviction and seeking to withdraw his plea. *See* TEX. CODE

CRIM. PROC. ANN. art. 11.072. The State filed a response, and, thereafter, the parties appeared before a visiting judge for a hearing on the application. Appellant objected to the visiting judge presiding over the matter. Arguing that habeas proceedings were legally distinct from criminal proceedings, counsel asserted that section 74.053(b) of the Texas Government Code, which authorizes objections to visiting judges in civil actions, should apply. *See* TEX. GOV'T CODE ANN. § 74.053(b). The visiting judge overruled the objection and, after receiving testimony from appellant and hearing the arguments of counsel, denied appellant's application for habeas relief. This appeal followed.

**Standard of Review**

We review statutory interpretation, a question of law, de novo. *State v. Kahookele*, 640 S.W.3d 221, 225 (Tex. Crim. App. 2021). In doing so, we look to the "literal text and attempt to discern its fair, objective meaning." *Id.* (citing *Boykin v. State*, 818 S.W.2d 782, 785 (Tex. Crim. App. 1991)). "We give effect to the plain meaning of the statutory text, reading it in context and construing it according to the rules of grammar and common usage." *Id.* We also give effect to "each word, phrase, clause, and sentence if reasonably possible" and assume each word has been used purposely. *Id.* If a statute is clear and unambiguous, we may not add or subtract from it. *Boykin*, 818 S.W.2d at 785. We may consider extratextual factors only if "the language is ambiguous or would lead to absurd consequences that the Legislature could not possibly have intended." *Kahookele*, 640 S.W.3d at 225.

–2–

## Applicable Statutes

Chapter 11 of the Texas Code of Criminal Procedure governs applications for writs of habeas corpus. *See* TEX. CODE CRIM. PROC. ANN. ch. 11. Article 11.072 provides the exclusive means by which district courts may exercise original habeas jurisdiction in cases involving an individual who is either serving, or has completed, a term of community supervision. *See id.* art. 11.072; *Ex parte Villanueva*, 252 S.W.3d 391, 397 (Tex. Crim. App. 2008).

Chapter 74 of the Texas Government Code authorizes the assignment of retired and former judges, provided they meet certain statutory requirements, "to hold court when necessary to dispose of accumulated business in [an administrative judicial] region." TEX. GOV'T CODE ANN. §§ 74.052, 74.054, 74.055. However, "[i]f a party to *a civil case* files a timely objection to the assignment, the judge shall not hear the case." *Id.* § 74.053(b) (emphasis added).

## Analysis

In three issues, appellant contends that the visiting judge abused her discretion in overruling his objection to her presiding over his habeas proceeding. Specifically, appellant asserts that the hearing was a civil proceeding and, therefore, pursuant to the government code, his objection rendered the visiting judge disqualified to preside.

Appellant properly filed his application under article 11.072, which establishes the habeas procedures for a defendant in a felony or misdemeanor case

who seeks relief from an order or judgment of conviction ordering community supervision. *See* TEX. CODE CRIM. PROC. ANN. art. 11.072, § 1. The Court of Criminal Appeals has not specifically addressed whether article 11.072 proceedings are criminal proceedings. However, it has determined that proceedings under article 11.07, which governs habeas applications seeking relief from a felony judgment imposing a sentence other than death, are "categorized as criminal proceedings by statute." *Ex parte Rieck*, 144 S.W.3d 510, 516 (Tex. Crim. App. 2004); *see also Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (per curiam) (vexatious litigant statute in Texas Civil Practice and Remedies Code does not apply to article 11.07 proceeding, which is criminal, not civil, in nature).

In *Rieck*, the Court of Criminal Appeals observed that "courts have struggled with how to characterize habeas proceedings and have sometimes characterized them as 'neither civil nor criminal but rather *sui generis*' or 'an exercise of special constitutional and statutory jurisdiction.'" 144 S.W.3d at 516 (citations omitted). Likewise, the Court recognized that, in Texas, a habeas proceeding is considered "separate from the criminal prosecution—being a collateral, rather than direct, attack on the judgment of conviction." *Id.* The Court noted, however, that "Texas has gone further in eschewing the civil label for habeas proceedings arising from criminal prosecutions or convictions" and categorizes such proceedings as criminal for jurisdictional purposes. *Id.* And, because section 5 of article 11.07 confers on the Court of Criminal Appeals the exclusive authority to grant post-conviction habeas

relief after a final felony conviction, an article 11.07 habeas proceeding also is categorized a criminal proceeding by statute. *Rieck*, 144 S.W.3d at 516.

Unlike article 11.07, article 11.072 does not provide the Court of Criminal Appeals with exclusive authority to grant habeas relief. Article 11.072's plain language, however, similarly reflects the criminal nature of habeas proceedings in which a defendant seeks relief from an order or judgment of conviction ordering community supervision. Specifically, it requires that an applicant who wishes to appeal a trial court's denial of habeas relief must follow Texas Code of Criminal Procedure article 44.02, which governs a criminal defendant's right to appeal, and Texas Rule of Appellate Procedure 31, which governs appeals in habeas corpus, bail, and extradition proceedings "in criminal cases" and provides for the availability of a petition for discretionary review to the Court of Criminal Appeals. *See* TEX. CODE CRIM. PROC. ANN. arts. 11.072, §8, 44.02; TEX. RS. APP. P. 31.4, 31.5; *see also* TEX. RS. APP. P. 31.1, 31.2 (providing that appellate court should use the same briefing rules and deadlines, submission schedules, and hearing schedules that apply to direct appeals from criminal cases in an appeal from a habeas corpus proceeding challenging a conviction or an order placing the defendant on community supervision). Accordingly, we conclude that article 11.072 proceedings, like article 11.07 proceedings, are categorized as criminal proceedings by statute.

In concluding that an article 11.072 proceeding is criminal, and not civil, we are in accord with our sister court in Texarkana. *See Giddens v. State*, No. 06-08-

00196-CR, 2008 WL 5627203, at *1 (Tex. App.—Texarkana Oct. 22, 2008, pet. ref'd) (mem. op., not designated for publication). In *Giddens*, the appellant appealed the trial court's denial of an application for writ of habeas corpus filed pursuant to article 11.072. *Id.* The notice of appeal, however, was untimely, and the appellant urged the court to treat his habeas proceeding as a civil proceeding and apply Texas Rule of Civil Procedure 306a to extend the timetable for filing the notice of appeal. *Id.* The Texarkana Court of Appeals declined to do so. *Id.*

Our conclusion also is supported by the El Paso Court of Appeals, which has concluded that habeas proceedings under chapter 11 are criminal proceedings. *See Gibson v. State*, 921 S.W.2d 747, 752–53 (Tex. App.—El Paso 1996, writ denied) ("A writ of habeas corpus pursuant to Article 11 of the Code of Criminal Procedure is a criminal proceeding despite its availability to persons not accused of crimes."); *see also, e.g.*, *Ex parte Tarango*, 116 S.W.3d 201, 202–03 (Tex. App.—El Paso 2003, no pet.) (habeas corpus proceeding brought by defendant pursuant to article 11.09 to collaterally attack misdemeanor conviction is criminal, not civil, proceeding and, therefore, Texas Rule of Appellate Procedure 25.2, which governs perfecting appeals in criminal cases, applies); *Ex parte Woodall*, No. 08-03-00184-CR, 2003 WL 21711397, at *2 (Tex. App.—El Paso July 24, 2003, no pet.) (not designated for publication) (same).

Appellant acknowledges that the visiting judge was a retired and former judge who could be assigned to preside over his habeas proceeding. *See* TEX. GOV'T CODE

–6–

ANN. §§ 74.052, 74.054, 74.055. In providing that an assigned visiting judge may not preside when "a party to a civil case" files a timely objection, section 74.053 of the government code plainly does not apply to a party in a criminal proceeding. *See id.* § 74.053(b); *Anderson v. State*, No. A14-89-00730-CR, 1990 WL 110164, at *1 (Tex. App.—Houston [14th Dist.] Aug. 2, 1990, no pet.) (not designated for publication) (wording of section 74.053(b) is unambiguous; no right to object is "accorded to a criminal defendant"). Appellant was not a party to a civil case, and his section 11.072 habeas proceeding was a criminal proceeding. Accordingly, the visiting judge did not err in overruling his objection and presiding over the proceeding. We overrule appellant's first, second, and third issues.

## Conclusion

We affirm the trial court's order denying habeas relief.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
220845F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

EX PARTE NICHOLAS TULLETT

No. 05-22-00845-CR

On Appeal from the County Criminal Court No. 3, Dallas County, Texas Trial Court Cause No. MC22A0578. Opinion delivered by Justice Smith. Justices Molberg and Reichek participating.

Based on the Court's opinion of this date, the trial court's order denying habeas relief is **AFFIRMED**.

Judgment entered this 31st day of January, 2024.