WIGGINTON, Judge.
This appeal is from a final judgment denying appellant’s petition for writ of habeas corpus by which he seeks release from the Florida State prison where he is held pursuant to a judgment of conviction for the offense of murder in the second degree.
Appellant was adjudged insolvent in the trial court where he applied for and was denied appointment of counsel to represent him on this appeal. He has now filed a motion in this Court seeking an order appointing counsel to assist him. By his motion he claims that he is entitled as a matter of right to be furnished counsel at State expense under the guarantees granted him by the Constitutions of the United States and the State of Florida, and pursuant to the mandate of the Supreme Court of the United States in the Gideon case.[1]
In the case of Crownover v. Shannon[2] the Supreme Court discussed and reached a definitive decision with respect to the character of habeas corpus proceedings. In determining that this type of proceeding is civil and not criminal in nature the Supreme. Court said:
“Where a writ of habeas corpus is sought to secure the discharge of one who is restrained of his liberty by virtue of a judgment, the proceeding is a collateral attack of a civil nature on the validity of the judgment. * * * it is civil rather than criminal in nature even though sought in behalf of one charged with, or convicted of, a crime. * * * A collateral attack by habeas corpus on proceedings in a criminal case is an attack by the civil process and retains its own innate characteristics.”
In the case of State of Florida v. Weeks[3] the Supreme Court analogized proceedings in habeas corpus with proceedings taken pursuant to newly adopted Criminal Procedure Rule No. 1, F.S.A. ch. 924, Appendix, and held that in the latter type of proceedings the person seeking relief from a judgment of conviction in a criminal case is not entitled, as a matter of right, to the appointment of counsel to represent him at State expense. In so holding the court said:
“To meet the impact of Gideon this Court on April 1, 1963, promulgated its -Criminal Procedure Rule 1. The rule was formulated as an effective, expeditious, post-conviction remedy to accomplish collateral assaults on judgments of conviction. Rule 1 is simply a Florida adaptation of Title 28, Section 2255, U.S.C.A. It provides a remedy co-equal with, but actually more expeditious than post-conviction habeas corpus. * * * The federal courts have held that post-conviction habeas corpus and proceedings under Section 2255, supra, are not steps in a criminal prosecution. On the contrary, they are in the nature of independent, collateral civil actions which are not clothed with the aspects of a ‘criminal prosecution’ under the Sixth Amendment. In view of the admitted similar *853 ity between our Rule 1 and Section 2255, we feel justified in applying the federal precedents to the situation at hand. * * * This means that in these collateral proceedings there is no absolute right to assistance of a lawyer.”
From the foregoing it affirmatively appears that it is the established law of this State that a petitioner in habeas corpus seeking relief from a judgment of conviction for a criminal offense is not entitled, as a matter of right, to the appointment of counsel to represent him at State expense. The proceeding is civil in nature and does not come within the purview of the Gideon case which, as a part of due process, guarantees to a person charged with a felonious offense the right to the appointment of counsel at State expense to represent him both during the trial, and on appeal in a direct attack against a judgment of conviction.
The motion for appointment of counsel filed by appellant herein is accordingly denied.
STURGIS, C. J., and CARROLL, DONALD IC„ and RAWLS, JJ., concur.

. Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963).

. Crownover v. Shannon, et al., (Fla. 1964) 170 So.2d 299.

.State of Florida v. Weeks, (Fla.1964) 166 So.2d 892.