WR-80,923-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 4/21/2015 10:49:03 AM
Accepted 4/21/2015 11:20:35 AM
ABEL ACOSTA
CLERK

# IN THE COURT OF CRIMINAL APPEALS
## AUSTIN, TEXAS

RECEIVED
COURT OF CRIMINAL APPEALS
4/21/2015
ABEL ACOSTA, CLERK

|  |  |  |
|---|---|---|
| **In re** | ) | **Cause No.** |
| **Roderick Harris,** | ) | **W09-00409-Y(A)** |
| **RELATOR** | ) | |
|  | ) | |
|  | ) | |
|  | ) | |

## EMERGENCY APPLICATION FOR WRIT OF PROHIBITION; REQUEST FOR INJUNCTION

### This is a Capital Case
### Evidentiary Hearing: May 18, 2015

BRAD D. LEVENSON (No. 24073411)
Director, Office of Capital Writs
(E-Mail: Brad.Levenson@ocw.texas.gov)
ROBERT ROMIG (No. 24060517)
(E-Mail: Robert.Romig@ocw.texas.gov)
JEREMY SCHEPERS (No. 24084578)
(E-Mail: Jeremy.Schepers@ocw.texas.gov)
Post-Conviction Attorneys
Office of Capital Writs
1700 North Congress Avenue, Suite 460
Austin, Texas 78701
(512) 463-8600
(512) 463-8590 (fax)

Attorneys for Relator

## IDENTITY OF PARTIES AND COUNSEL

<u>Relator</u>
Roderick Harris
TDCJ # 999571
TDCJ Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351

<u>Attorneys for Relator</u>
Office of Capital Writs
Brad D. Levenson
Robert Romig
Jeremy Schepers
1700 North Congress Avenue
Suite 460
Austin, Texas 78701

<u>Respondent</u>
Honorable Elizabeth Frizell
Judge, Criminal District Court No. 7
Frank Crowley Courts Building
133 N. Riverfront Boulevard
Lock Box 54
Dallas, TX 75207

<u>Real Parties in Interest</u>
Dallas County District Attorney's Office
Shelly Yeatts
Frank Crowley Courts Building
133 N. Riverfront Boulevard
Lock Box 19
Dallas, TX 75207

**TABLE OF CONTENTS**

APPLICATION FOR WRIT OF PROHIBITION ...................................................... 1

STATEMENT OF THE CASE .......................................................................... 1

STATEMENT OF JURISDICTION ....................................................................... 3

ISSUES PRESENTED ...................................................................................... 4

STATEMENT OF FACTS ................................................................................. 4

ARGUMENT .................................................................................................. 5

    A. Standard of Review .............................................................................. 5

    B. Harris Has a Clear Right to Relief, as the State Has No Right Under Texas Law to Demand Discovery of a Defendant's Trial File Through Post-Conviction Counsel ................................................................................... 6

    C. Harris Has No Other Adequate Remedy at Law Other Than Seeking This Writ of Prohibition ..................................................................................... 8

PRAYER FOR RELIEF ................................................................................... 9

EXHIBITS
        Exhibit A:   Trial Court Order
        Exhibit B:   State's Motion for Disclosure of Trial File
        Exhibit C:   Harris's Response to State's Motion

# TABLE OF AUTHORITIES

**State Cases**

*Aranda v. District Clerk*, 207 S.W.3d 785 (Tex. Crim. App. 2006)..........................7

*Arbelaez v. State*, 775 So.2d 909 (Fla. 2000)...............................................7

*Coffee v. Wainwright*, 172 So.2d 851 (Fla. Dist. Ct. App. 1965) .............................7

*Ex parte Davis*, 947 S.W.2d 216 (Tex. Crim. App. 1996).......................................3

*Ex parte Moreno*, 245 S.W.3d 419 (Tex. Crim. App. 2008) ..................................3

*Ex parte Reed*, 271 S.W.3d 698 (Tex. Crim. App. 2008).......................................3

*In re McCann*, 422 S.W.3d 701 (Tex. Crim. App. 2013) ...............................4, 5, 8

*Neveu v. Culver*, 105 S.W.3d 641 (Tex. Crim. App. 2003)....................................6

*Simon v. Levario*, 306 S.W.3d 318 (Tex. Crim. App. 2009)................................5, 6

*State ex rel. Wade v. Mays*, 689 S.W.2d 893 (Tex. Crim. App. 1985).....................5

*West v. Solito*, 563 S.W.2d 240 (Tex. 1978) ..............................................6

**Statutes**

Texas Constitution, Art. V., §5 .............................................................3

**Other Authority**

ABA, *Standing Comm. on Ethics & Prof'l Responsibility, Formal Opinion 10-456 (2010)*..............................................................................7

## APPLICATION FOR WRIT OF PROHIBITION;
## REQUEST FOR INJUCTION

Relator Roderick Harris ("Harris") has been ordered by Judge Elizabeth Frizell, presiding judge of the Criminal District Court No. 7 in Dallas County, to turn over the files belonging to his trial defense counsel to the Dallas County District Attorney's Office (the "State") before May 18, 2015. (Ex. A [Trial Court Order].) Harris, through his attorneys the Office of Capital Writs ("OCW"), requests this Court issue an emergency stay of Judge Frizell's order and a writ of prohibition instructing Judge Frizell to withdraw that order.

Harris is currently pursuing relief from a capital conviction and sentence of death, having filed an application for writ of habeas corpus within the meaning of Article 11.071 of the Code of Criminal Procedure. Harris has raised claims of ineffective assistance of trial counsel as grounds for that relief. The State filed an answer and the convicting court ordered an evidentiary hearing, which is scheduled to commence May 18, 2015. Upon a motion by the State, the convicting court ordered the OCW to make available defense counsel's files to the State prior to the commencement of the hearing. As there is no justification under Texas law for post-conviction counsel to have to provide the State with such broad discovery, and because Harris has no other adequate remedy at law, a writ of prohibition is necessary.

## I.

## STATEMENT OF THE CASE

Harris was convicted and sentenced to death in Criminal District Court No. 7 in Dallas County on May 21, 2012. (66 RR at 107; 2 CR at 709.)[1] Pursuant to the Code of Criminal Procedure, Article 11.071, Section 2(b), the convicting court

---

[1] "CR" refers to the Clerk's Record of Harris's capital trial. "RR" refers to the Reporter's Record of Harris's capital trial.

1

appointed the OCW on May 22, 2012, to represent Harris in his state post-conviction habeas litigation. On June 11, 2014, the OCW timely filed Harris's Initial Application for Writ of Habeas Corpus ("Application"). The State filed its Answer to Harris's Application on December 10, 2014. On February 6, 2015, the convicting court set Harris's Application for an evidentiary hearing, to occur the week of May 18, 2015.

On March 17, 2015, the State filed a Motion for Disclosure of Roderick Harris's Trial Files. (Ex. B at 1 [State's Motion].) In that motion, the State sought an order requiring the OCW to disclose any portions of Harris's trial file potentially related to claims of ineffective assistance of counsel. The State argued that it "is entitled to access to counsel's actual trial files" because by raising claims of ineffective assistance of counsel, Harris has waived privileges normally applicable to those files. (*Id.* at 10.) Harris responded, disputing that he should be required to provide the State with Harris's files. Rather, Harris argued that the files would be returned to trial counsel and it was trial counsel who would decide which otherwise privileged material they would choose to disclose in defending their own actions. (Ex. C at 2 [Harris's Response].) Oral argument on the State's motion was held on March 26.[2]

On April 10, 2015, the convicting court, Judge Elizabeth Frizell presiding, granted the State's motion, ordering the OCW to disclose Harris's trial file to the State. (Ex. A at 1 [Trial Court Order].) Judge Frizell's order limited this disclosure only to materials relevant to the claims of ineffective assistance of counsel. (*Id.*)

This Emergency Application to Prohibit follows.

---

[2] Despite numerous attempts, the court reporter has not yet transcribed the March 26 oral argument. Once the transcript is prepared, Harris will file it with the Court.

2

## II.

## STATEMENT OF JURISDICTION

This Court has original jurisdiction over certain writs of habeas corpus and extraordinary writs. That jurisdiction, including over applications filed pursuant to Article 11.071, stems from Article V of the Texas Constitution. Article V, section 5 states:

> Subject to such regulations as may be prescribed by law, the Court of Criminal Appeals and the Judges thereof shall have the power to issue the writ of habeas corpus, and, in criminal law matters, the writs of mandamus, procedendo, prohibition, and certiorari. The Court and the Judges thereof shall have the power to issue such other writs as may be necessary to protect its jurisdiction or enforce its judgments. The Court shall have the power upon affidavit or otherwise to ascertain such matters of fact as may be necessary to the exercise of its jurisdiction.

TEX. CONST., Art. V., §5. Since the Legislature enacted Article 11.071 in 1995, the Court has interpreted that statutory provision as being a "how, where, and when" type restriction on their exercise of original jurisdiction over habeas writs related to capital cases. *See Ex parte Davis*, 947 S.W.2d 216, 223 (Tex. Crim. App. 1996) (McCormick, J., concurring) ("[T]he Legislature clearly has intended for Article 11.071 to provide the exclusive means by which this Court may exercise its original habeas corpus jurisdiction in death penalty cases.").

However, the Court's jurisdiction over Article 11.071 applications continues to be "original" in this Court, and its inherent power over the application not circumscribed. *See Ex parte Reed*, 271 S.W.3d 698, 754 (Tex. Crim. App. 2008) (Price, J., concurring) ("Because this Court lacks the capacity to develop live testimony, it is a matter of convenience only that such writs are filed in the convicting court in the first instance; original jurisdiction to resolve the matter lies with this Court."); *Ex parte Moreno*, 245 S.W.3d 419, 427 (Tex. Crim. App. 2008)

3

("We find no language in the balance of Article 11.071 that either allows or prohibits this Court's reconsideration of our initial disposition of a capital writ on our own motion or expressly or implicitly prescribes temporal limitations on any such reconsideration.").

Therefore, because this Court maintains original jurisdiction over Article 11.071 applications for writs of habeas corpus, and because it has jurisdiction to issue writs of prohibition, this Court may rule on the instant Application. *See In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (noting that "the mandamus action was properly filed directly in this Court because this is a capital-murder case in which the death penalty was assessed.").

### III.

### ISSUES PRESENTED

Whether, by alleging ineffective assistance of trial counsel, this creates a right for the State to access trial counsel's files through the defendant's post-conviction counsel.

### IV.

### STATEMENT OF FACTS

At trial, Harris was represented by Brad Lollar, Mike Howard, Doug Parks, and Calvin Johnson. (2 RR at 5.) In Harris's Application, he raises five claims of ineffective assistance of trial counsel.

Upon being appointed to represent Harris, the OCW, with a release from Harris, took possession of the files of Harris's trial counsel. Since the scheduling of the evidentiary hearing on Harris's Application, the OCW has been in contact with Harris's trial counsel and is arranging for counsel to have access to their files prior to testifying at the hearing.

Around March 2015, the State, through Assistant District Attorney Shelly Yeatts, requested access to Harris's trial file. Harris declined.

4

# V.

## ARGUMENT

Harris recognizes that, by having raised specific issues of ineffective assistance of counsel, he has created a limited waiver of privileged information allowing trial counsel the opportunity to defend themselves from such claims through the use of otherwise privileged information that would typically be protected by the attorney-client privilege. However, raising such a claim does not create a discovery mechanism for the State to access confidential information in trial counsel's files through current post-conviction counsel. Further, the State has not provided any binding authority for the proposition that the limited waiver extends to it, nor that such a claim amounts to an unprecedented broad discovery tool. As such, the trial court erred in granting the State's motion, to the prejudice of Harris.

### A. Standard of Review

A writ of prohibition must meet the same standards essentially as a writ of mandamus, the former being used to "prevent the commission of a future act whereas the latter operates to undo or nullify an act already performed." *State ex rel. Wade v. Mays*, 689 S.W.2d 893, 897 (Tex. Crim. App. 1985). To merit a writ of prohibition, an applicant must first show that the act it wishes the higher court to restrict "does not involve a discretionary or judicial decision." *Simon v. Levario*, 306 S.W.3d 318, 321 (Tex. Crim. App. 2009). This standard is satisfied if the applicant can show he has a "clear right to the relief sought . . . when the facts and circumstances dictate but one rational decision." *Id.* In *In re McCann*, this Court granted mandamus relief during the pendency of a capital post-conviction habeas proceeding, finding that a "clear right to relief" can be met even if the issue is one of first-impression. 422 S.W.3d at 704. The Court noted that it "may grant relief in a mandamus case based on a well-settled, but rarely litigated point of law." *Id.*

5

Second, an applicant must show that there is no other adequate remedy at law to redress his harm. *Simon*, 306 S.W.3d at 320; *see also Neveu v. Culver*, 105 S.W.3d 641, 643 (Tex. Crim. App. 2003) (finding no adequate remedy at law where there was no procedural mechanism to appeal an adverse ruling regarding appointment of counsel).

### B. Harris Has a Clear Right to Relief, as the State Has No Right Under Texas Law to Demand Discovery of a Defendant's Trial File Through Post-Conviction Counsel

The key dispute between Harris and the State is whether the raising of an ineffective assistance of counsel claim bestows upon the State a discovery tool giving them access to defense counsel's files. Harris maintains that the raising of such a claim solely permits trial counsel to use the otherwise privileged information to defend against ineffective assistance of counsel claims, but does not give the State the same access. *See West v. Solito*, 563 S.W.2d 240, 245 n.3 (Tex. 1978). While trial counsel is placed in a position to be exempted from the attorney-client privilege when defending their performance, nothing in Texas law states that the underlying work product and other files of counsel are no longer confidential and are subject to discovery by the State. The State has failed to cite any binding authority for the proposition that it is "entitled" to access Harris's trial files. (Ex. B at 10 [State's Motion].) Nowhere in the State's Motion is there a case, statute, or evidentiary rule referenced that allows the State the access to trial counsel's files that it currently seeks.

In its Motion, the State cites a long string of cases that stand for the proposition that raising an ineffective assistance of counsel claim operates as a waiver of the attorney-client privilege, to the extent that trial counsel seeks to use that information to defend themselves. (Ex. B at 3-6 [State's Motion].) Harris does not dispute this fact. However, none of these cases stand for the proposition

6

that the State is entitled to access Harris's trial counsel files via post-conviction counsel.[3] This inability to provide binding authority is telling—the State seeks to take a narrow and limited waiver allowing trial counsel the ability to defend themselves against an ineffective assistance of counsel claim into a broad discovery tool for the State.

Disclosure of the trial file to the State is inappropriate and unnecessary to litigate the claims of ineffective assistance in the case. Trial counsel have stated they will testify at the evidentiary hearing and intend to review the files beforehand. Counsel can reasonably be expected to disclose the information they believe necessary to defend their performance at that hearing. *See Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003) (noting that "trial counsel should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective"). Indeed, persuasive authority that has discussed this topic seemingly presumes that this information will be in the possession of trial counsel and disclosed by them. *See ABA Standing Comm. on Ethics & Prof'l Responsibility, Formal Opinion 10-456*, at 5 (2010) (noting that while lawyers may disclose information "reasonably necessary" to resolve ineffectiveness claims, it is

---

[3] The only case in the State's Motion that specifically contemplates the State being permitted to access trial counsel's files is *Arbelaez v. State*, 775 So.2d 909, 917 (Fla. 2000). However, this case is a poor analogy to the current scenario, as Florida treats writs of habeas corpus as civil matters, whereas in Texas writs of habeas corpus are considered criminal in nature. *Compare Coffee v. Wainwright*, 172 So.2d 851, 852 (Fla. Dist. Ct. App. 1965) (noting that "this type of proceeding is civil and not criminal in nature."), *with Aranda v. District Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (noting that "the proceeding is criminal, not civil, in nature.") (citing *Ex parte Davis*, 542 S.W.2d 192, 198 (Tex. Crim. App. 1976). Civil actions traditionally have much broader discovery rights than criminal proceedings, limiting any persuasive force that Florida's provisions may have regarding the State's request.

7

"highly unlikely that a disclosure in response to a prosecution request, prior to a court-supervised response by way of testimony or otherwise, will be justifiable.").

The State is not trial counsel's representative for the purpose of Harris's current litigation. How trial counsel chooses to defend themselves from these claims, and to what extent the limited waiver of privileged information will be effectuated, is a decision for trial counsel, not the State, to make. Further, the State may rely on the record of trial and any other non-confidential materials that reflect the performance of trial counsel. Finally, the burden is on Harris to prove ineffective assistance of his trial counsel. To do so, he must provide information about counsel's performance sufficient to overcome the presumption that counsel acted effectively. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) ("A *Strickland* claim must be 'firmly founded in the record' and 'the record must affirmatively demonstrate' the meritorious nature of the claim."); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994).

For these reasons, the trial court erred in granting the State's motion and creating a right to discovery where none exists under Texas law. As such, Harris has shown a clear right to relief under the law, necessitating a writ of prohibition.

## C. Harris Has No Other Adequate Remedy at Law Other Than Seeking This Writ of Prohibition

Should the trial court's order stand, Harris will be required to disclose Harris's trial file to the State. Because there will be no practical way to undo the disclosure of this information, later proceedings before this Court on Harris's Application will be inadequate to redress the trial court's error. As such, Harris can demonstrate there is no other adequate remedy at law to appeal the decision of the trial court outside of this application for writ of prohibition. *See In re McCann*, 422 S.W.3d at 710-711 ("Moreover, McCann has no adequate remedy at law because, although McCann could seek relief from the order of contempt through an

8

application for writ of habeas corpus, that relief would not resolve the underlying issue of the trial judge's order compelling McCann to relinquish Turner's trial file.").

## VI.

## PRAYER FOR RELIEF

For the foregoing reasons, Harris respectfully requests this Court issue a writ of prohibition instructing the convicting court to withdraw its order requiring the disclosure of Harris's trial file to the State. Alternately, Harris requests this Court issue a temporary order enjoining the convicting court from enforcing its order until this Court has had time to rule on the instant Emergency Application.

Respectfully submitted,

DATED:     April 21, 2015

By _____
Brad D. Levenson
Director, Office of Capital Writs

_____
Robert Romig

_____
Jeremy Schepers

Post-Conviction Attorneys
Office of Capital Writs

9

# CERTIFICATE OF SERVICE

I, the undersigned, declare and certify that I have served the foregoing Emergency Application for Writ of Prohibition to:

Court of Criminal Appeals
P.O. Box 112308
Austin, Texas 78711

Honorable Judge Elizabeth Frizell
Criminal District Court No. 7
133 N. Riverfront Blvd.
Lock Box 54
Dallas, Texas 75207

Dallas County District Attorney
c/o Shelly Yeatts
133 N. Riverfront Blvd.
Lock Box 19
Dallas, Texas 75207

Roderick Harris
TDCJ # 999571
TDCJ Polunsky Unit
3872 FM 350 South
Livingston, Texas 77351

This certification is executed on April 21, 2015, at Austin, Texas.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

_____
BRAD D. LEVENSON