CERTIFIED NUMBER *7015 1520 0000 2640 9716* .          *79,815-02*

IN THE COURT OF CRIMINAL APPEALS
OF TEXAS, AT AUSTIN TEXAS.

Dennis L. Giddings (Relator) §
Vs. §
Kendall County Judge Presiding; §
County District Clerk §
(In the Offical Capacity) §
    [Respondent] §

IN The 216th Judicial
District Court of
Kendall County, Texas

NO._____ .
(To be supplied by the court)

MOTION FOR LEAVE TO FILE
APPLICATION FOR MANDAMUS
TO THE HONORABLE COURT OF CRIMINAL APPEALS TEXAS

RECEIVED IN
COURT OF CRIMINAL APPEALS
SEP 11 2015
Abel Acosta, Clerk

Now Comes, Dennis Lee Giddings. Relator, Complaining of Kendall
County and Pursuant to Rule 211 of the rules of Appellate Procedure
in Criminal Cases, Moves this Court to Grant Applicant Leave to
File this Application for Writ of Mandamus Tendered Contemporaneously
with this Motion.

Applicant Prays that the motion be Granted. The said Application for
Mandamus be filed and Set down for a Hearing, That Relief Requested
be Granted and for other relief, General and Special Including a
Stay of the Proceedings Below. Until the Matters Complained of in
Said Application are Cured.

RESPECTFULLY SUBMITTED

_____
Relator, Pro-Se

**CERTIFICATE OF SERVICE**

I Hereby Certify that a Copy of the Above Motion for Leave to File Application
for Mandamus was Mailed to the Court of Criminal Appeals of Texas, P.O.Box 12308
Capitol Station. Austin, Texas 78711. On This, _____ Day of September, 2015.

RESPECTFULLY SUBMITTED

_____
Relator, Pro-Se

NUMBER _____

Supplied by Court

## IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## AT AUSTIN, TEXAS

| | | |
|---|---|---|
| Dennis L.Giddings [Relator] | § | |
| Vs. | § | In The 216th Judicial |
| Kendall County Judge Presiding; | § | District Court of |
| County District Clerk | § | Kendall County, Texas |
| (In the Offical Capacity) | § | |

## APPLICATION FOR WRIT OF MANDAMUS

## TO THE HONORABLE COURT OF CRIMINAL APPEALS OF TEXAS:

Now Comes,Dennis Lee Giddings,Applicant and Ask this Court to Issue A Writ of Mandamus to; **District Court of Kendall County,Tx** To Require the respondent Describe Relief requested and in Support of this Application would show the Court the Following;

I

Applicant was tried for the Offence of Aggravative Assault. In a Case styled **The State of Texas Vs. Dennis Lee Giddings, Number 4739.** In the Judical District Court of the 216th, Kendall County Texas.

The Indictment was Returned on the 7th day of June,2008. A Jury Ended in Hung Jury. Applicant was Mis-Guided by Councel to Take a Plea of (20) Years. The State Waived the Deadly weapon, Attached is Exhibit (A). Final Judgement and sentence Dated February/7/2008. Showing; **NO DEADLY WEAPON FINDING.**

Once Relator Arrived to the Texas department of Criminal Justice, He was Class--ified with a Deadly weapon Finding. See Exhibit ( ). On____day of_____, _____. State of Texas. The Board of Pardons and paroles Requested for an Indictment in Cause Number #4739. which Reads; Defendant did then and There use and exhibit A Deadly Weapon During the Commission of Said Assault to wit.A Knife Which in the Manner of it's Use and intended Use was then and there Capable of Causing serious Bodily Injury or Death.

On July/10/2015. A Public request was Conducted to Confirm the Fact, The Indictment

CERTIFIED TAGG NUMBER # 7015 1520 0000 2640-9916

page 1

Does Exzists In Relator File; SHOWING A DEADLY WEAPON FINDING.

(1. On 5/21/2015 Motion for **NUNC- Pro-Tunc Order** was filed in the 216th Judicial District of Kendall County Texas. The Court Stamped and Filed the,**NUNC-Pro Tunc Order** But Failed to Rule on the **NUNC- Pro-Tunc Order.** Attached is the Original **NUNC-Pro-Tunc Order** as Exhibit ($\beta$).

(2. Written Objections,Failure to rule on **NUNC-Pro-Tunc Order** was Filed,Stamped on July/24/2015 at 2:10PM. The Court Failed to Rule on Original **NUNC-Pro-Tunc** and Failed to Rule on Written Objections. See Exhibit ($C$).

(3. A Third Motion for **NUNC-Pro-Tunc** "Amended Pen-Pac was Filed,Stamped Aug/18/15 9:01 AM. The Court has NOT RULED on None of the Listed Pleadings. See Exhibit ($D$) Ammended NUNC-Pro-Tunc.

٭٭ On June/15/2015 Wallace T.Ferguson, Responded to Relator Letter,Written to Attorney. Attached is Exhibit ($E$).

I do not recall, If we ever knew the Exact reason for the Hung Jury. I suppose that it was Because, All Twelve Jurors could not AGREE to a [Guilty] or[NOT Guilty] Verdict.

Also I Cannot Explain why you may be Classified with a Deadly Weapon Finding.Having Reviewed your Final Judgement of Conviction Dated, February/7/2008. This Document Clearly States that[There was (NOT) a Deadly Weapon finding. No Further Inquire was Conducted Into this Matter.

٭ A Nunc-Pro-Tunc Judgement is An Appealable Order,"The Purpose of Nunc-Pro-Tunc Judgement is to Provide a Method for Trial Courts to **Correct** the Record,when There is a Discrepency.

٭ Relator has Requested the error be Corrected,[There is NO Deadly Weapon].

٭ Subsequently The Court has refused to rule on Original **NUNC-Pro-Tunc/Written Objections/Amended, NUNC-Pro-Tunc.**

II

## REQUEST FOR RELIEF

Relator request in this Application that this Court Direct Respondent to Correct ERROR and RULE on Original Nunc-Pro-Tunc Order and Written Objections and Amended Nunc-Pro-Tunc Pen-Pac. To Prepair, Written Facts and Conclusions of Law. To Provide Relator a Copy of such Findings. Rather The Nunc-Pro-Tunc Orders are [Granted ] or [Denied] As Required by Law.

There should be a ruling and as to the reason,Why the Nunc-Pro-Tunc Maybe Denied, The Right to Appeal is a Giving,on the Merits of each, Filing of Relators.

At This Time Relator Provides **NOTICE OF APPEAL,** So as Not to Waive appellate Rights
Relator Cannot Appeal Until a Denial is Provided,or In the Other Hand, If The Court
Grants the Nunc-Pro-Tunc Order. There is No Need for Appeal.

## III

## JURISDICTION

This Court has Jurisdiction to Consider this Application Pursuant to Art.5.5
of the Texas Constitution and Artical 4.04 of the Code of criminal Procedure.
See **Pacilla V. McDaniel 122 S.W.3d 805,807(Tex.Crim.App.2003) : Holmes V. Denson**
**671 S.W.2d 896.(Tex.Crim.App.June.27.1984).**

## IV

## AUTHORITIES AND ARGUMENT

In Writ of Mandamus have Held that A Trial Court has a Ministerial duty to
[Timely] Rule on A Motion, Nunc-Pro-Tunc Order/ Written Objections/Amended
Nunc-Pro-Tunc Order Pen-Pac.
See **In Re Taylor 39 S.W.3d 406,414 (Tex.App-Waco 2001). and In Re Salazar 134**
**S.W.3d 357,358(Tx.App-Waco 2003).**

The Respondent in there Capacity as District Clerk of Kendall County Texas.
Has a Ministerial Duty to receive and File All Papers in a Criminal Proceeding
and Perform All Other Dutys Imposed on the clerk by Law. Pursuant to TCCP.Art.2.21
None of the Motions for Nunc-Pro-Tunc were set for Dockett Call, Appearing to be
only Stamped and Not Placed for Review. To Date the Realator has received NO
Responce from Respondent.
Mandamus is Available to Compel Action on the part of Those Charged with a Positive
Duties by Virtue of Their official Position. **Hogan V.Turland 428 S.W.3d 316(1968).**
There are Generally Three Requisites for a Writ of Mandamus; A Legal Duty to Per-
-form, A non-Discretionary Act, A demand for Performance and a refusal to Perform.
See **Bantuelle V.Renfroe 620. S.W.2d 635(Tex.App.-Dallas 1981).** Writ REF.D N.R.E.
The Court of Criminal Appeals Stated; In **Texas Board of Pardons and Paroles V.**
**Miller 590 S.W.2d 142 (Tex.Crim.App.1979).** Entitlement to a Writ of Mandamus, Must
be Shown to be Clear and Indisputable..Unequivocal..Abundantly Clear. **Knowles V.**
**Scofield 598. S.W.2d 854,860(Tex.Crim.App.1980).**

Relator Shows that the Act Sought to be Compelled is Strictly Ministerisl in Nature and there is No Adequate Remedy at Law to Redress the Alleged Harm. See **Aranda V. Dist.Clerk. 207 S.W.3d 785,786(Tex.Crim.App.2006).(per Curiam) (Orig.Proceedings).**
"In Proper Case's, Mandamus May issue to Compel a Trial Court to Act" **In RE Blakeney 254 S.W.3d 569,661(Tex.App.Texarkana 2008).(Orig.Proceedings)** SEE Also **Eli Lily & Co. Marshall 829 S.W.2d 157. 1581(Tex.1992).(Per Curiam) (Orig. Proceedings) (Trial Court Abuses Discretion).**By Refusing to Conduct Hearing and Render Decission on Motion Nunc-Pro-Tunc/Written Objections/Amended Nunc--Pro-Tunc Pen-pac. **Chiles V.Schuble 788 S.W.2d 205,207(Tex.App.Houston [14th Dist] 1990).(Orig. Proceedings).**
[Mandamus Appropriate Remedy to Require Trial Court to Hold Hearing and Exercise Discretion]. Trial Courts are Not Required to Consider or Rule on a Motion unless the Motion is called to the Courts Attention. **Blakeney 254 S.W.3d at 662** Relator called Failure delay to Respond to the 216th Judicial District, Kendall County, Texas. "Attention by Fileing Written Objections".
(1.    Preservation of Error TX. R.App.33.1(2)(B) the Court:Has Refused to Rule on the Request **Nunc-Pro-Tunc** that was filed on 5/21/2015. SEE **Zillenger V. State 557 S.W.2d. 515,517(Tex.Crim.App.1997).**Objections are listed as Exhibit($C$) that is Stamped July/24/2015. as Required by the Texas Rule of Appellate Pro--cedure 52.3(K)(1)(A).
The Objections are a Copy of the one filed in the Trial Court.See **Brownlee V. Brownlee 665 S.W.2d 111,112(Tex.1984).** The Trial Court has Declined to Rule **Blakeney 254. S.W.3d at 661.** The Right to Mandamus has been Met.See TEX.R.App. P.33.1(A) 52.3(K)(1)(A)  52.7(A)(1).**PLEASE VIEW EXHIBIT ($C$)** Written Objections.

The Original Nunc-Pro-Tunc was Correct, The Violation of SEE the H-B **3671 Sheffield Law** as Exhibit ($F$).
When TDCJ Parole Board Requested The Indictment Showing...[A Deadly Weapon] at that time and the Pen-Pac came into Play,Creating a Different Form of Classi--fication. Usually When a Plea is Conducted the Prosecuter or Attorney,Do Not Follow Thru with the reason a Plea was Conducted. Leaving Relator to be Classi-fied with a Deadly weapon.
When Relator Realized the trail Court was Not Responding to Orignal **Nunc-Pro-Tunc.** The Motion for Nunc-Pro-Tunc Order,"Amending Pen-Pac in Exhibit ($D$) that is Stamped and Filed, According to TEX.R.App.P.52.3 (K)(1)(A). The Amended Nunc-Pro-Tunc was Written Because, Pursuant to Statement regaurding the Nature and Seriousness of the Offence under Tex.Code.of Criminal procedure 42.09 Art 8. The Purpose of the Deadly.weapon Finding is to Assist in Calculating a Prisoners

Parole Eligibility Date. **Kinkaid V.State 184 S.W.3d 929,930(Tex.App.-Waco 2006).**
In This Case Compare Exhibit (*A*). Judgement of Sentence,[**NO DEADLY WEAPON
FINDING**] CF. Exhibit ( ). Of TDCJ/Parole requesting Indictment that Shows a
Deadly Weapon Finding as Mentioned in Exhibit (*D*).Amended Pen-Pac, For
Nunc-Pro-Tunc, Part II Shows; TDCJ Requested the Indictment, Which Reads a
Deadly Weapon Finding,That is Creating Serious Problems in Classification and
Parole. A Nunc-Pro-Tunc is designed to Fix Problems like this.

## V.

The State of Texas can Amend a Pen-Pac with the Following Under the Above
Cause Number 4739, Dennis Lee Giddings was Convicted of Aggravated Assault
[**NO DEADLY WEAPON**].  In Nunc-Pro-Tunc should Read this Statement is to Clarify
the Nature of the Offence for which Mr.Giddings was Convicted. The Original
Pen-Pac Produced by the County Contains the Offence Report Generated by Local
Law Enforcement. That Report Contains Allegations of a Violant Nature Including
the Use of a Knife. The State Waived the Deadly Weapon. A Simple Statement from
the State of Texas to The Classification Board at TDCJ, Clarifing that the
Indictment of Deadly Weapon [**is Incorrect**].
This Error Violates Art.42.09 of the Seriousness of the Offence. Texas Code of
Criminal Procedure. (Correcting and Amending the Pen-Pac would Fix the Issue.
The Purpose of Nunc-Pro-Tunc is to Correct Error of this Nature. See **Collins V.
State 240.S.W.3d 925,928(Tex.Crim.App.2007).**
Please Correct this and Notify State Ready at: TDCJ Records Department. P.O.Box
99  Huntsville,Texas 77342.
Mandamus relief shoul be Granted. Relator has Demonstrated that (1) The Act
Sought to be Compelled is Purely minsterial and (2) The relator has No Other
Adequate Legal Remedy. Court of Criminal Appeals Defined the Ministerial Act
Requirement to be one in which the relator"Has a Clear and Disputable Right
to the Relief Sought", and the Merits of it's Legal Position are Beyond Dispute.
See **Neveu V.Culver 105 S.W.3d 641,642(Tex.Crim.App.2003)(Citing State EX.REL
Rosenthal V.Poe 98 S.W.3d 194.198(Tex.Crim.App.2003).** Also **State Ex.Cel.
Lykos V.Fine 330.S.W.3d 904,907(Tex.Crim.App.2011).**
All Requirements have been Met Under Tex.R.App.P.52.3(K)(1)(A). In Exhibits
(*B*),(*C*),(*D*).
The Court Should Correct There own Error or this Could Be a Breach of Contract
on the Plea. Rather the Trial Court Agrees with the Nunc-Pro-Tunc Orders and
Amended Nunc-Pro-Tunc.
Under Texas Rules of Appellate Procedure Trap 23.1 **Blanton V.State 369.S.W.3d**

894,897(Tex.Crim.App.2012)[N]unc-Pro-Tunc Judgements are... Appealable Orders. [Under C.C.P Art 44.02.].

The Trial Court has to Rule on the Nunc-Pro-Tunc. The Original Fileing on First Nunc-Pro-Tunc is Over 102 Day's old. Not Placed on Dockett Call. Before a Appeal could be Conducted,A Ruleing has to be done.

## VI.

## CONCLUSION

(1.  Relator has No Other Legal Remedy Available to Him other Than this Application for Mandamus.

(2.  This Action Sought is Under the Facts of This Case,In Essence, A Mere Ministrial Act, Which Respondent has a Legal Duty to Perform.

(3.  Relator has Properly Requested respondent to Perform which Respondent has Refused to Answer Nunc-Pro-Tuncs and Objections,also the Amended Nunc-Pro-Tunc Order.

** Exhibits Attached are Orignal Copy's Stamped by the Trial Court.

** Attached is Affidavit of wittness to Fact.

Wherefore, Premises Considered, Relator Prays that this Application be Granted and that Respondent be ordered Continue with Relief requested.

RESPECTFULLY SUBMITTED

Applicant Pro-Se

page 6

State of Texas

County of DeWitt

§

§          **AFFIDAVIT**

§      BY: Dennis Lee Giddings, Pro-Se

§

Before Me The undersigned Authority on this Date Personally Appeared Applicant who upon bein Duly Sworn did Depose and State;

My Name is, Dennis Lee Giddings [Relator] and Mother is [Applicant] in the Above Cause. I Have read the above Application for Mandamus and State that the Factual Allegations made Therein are True and Correct.
Further My Mother Patricia Giddings has Typed and Certified this Writ of Mandamus . Mailed to the Court of Criminal Appeals.

RESPECTFULLY

_Dennis L. Giddings_

Relator Pro-Se

**TEX.CIV.PRAC & REM.CODE.ANN.§ 132.001(A)**
**(WEST. SUPP.2014).**

Subscribed and Sworn to Before Me, The Undersigned Authority, by Said Applicant and Mother on this, _9_ Day of _Sept_ , 2015. to Certify Which Witness My Hand and Seal of Office.

RESPECTFULLY

_Patricia M. Giddings_

Mother, Applicant

THERESA PECK
Notary Public, State of Texas
My Commission Expires
September 18, 2018

Notary Public in and For

_Kendall_ ,County, Texas.

**CERTIFICATE OF SERVICE**

I Patricia Giddings, Hereby Certify that a Copy of the Above Application For Mandamus was Certified. _7015 1520 0000 2640 9716_ . to the Court of Criminal Appeals of Texas at; P.O.Box 12308 Capitol Station, Austin,Texas 78711 on this _____ Day of _____ 2015. for My Son Dennis L.Giddings.

Respectfully._____

No. 4739

| THE STATE OF TEXAS | § | IN THE DISTRICT COURT |
| VS. | § | 216TH JUDICIAL DISTRICT |
| DENNIS LEE GIDDINGS | § | KENDALL COUNTY, TEXAS |

## JUDGMENT AND SENTENCE, PLEA OF GUILTY

Judge Presiding: STEPHEN B. ABLES
Attorney
for State: E. BRUCE CURRY/LUCY WILKE
Offense Convicted of: AGGRAVATED ASSAULT
Date Offense Committed: 06/30/07
Degree: Second
Charging
Instrument: Indictment
Terms of Plea Bargain: Twenty (20) years confinement TDCJ-ID; $-0- Fine
Plea to Enhancement: None
Findings on Use
Of Deadly Weapon: None
Date Sentence
Imposed: 02/07/08
Punishment and Place of Confinement: Twenty (20) Years Confinement in the Texas
Department of Criminal Justice Institutional Division

Jail Time Credited: See Below
Restitution to be paid to:
Name: N/A
Address:

DOB: 05/17/67          SS#: 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

Date of Judgment: 02/07/08
Attorney
for Defendant: WALLACE FERGUSON

P.C. Section: 22.02

Plea: Guilty
Findings on Enhancement: N/A

Court Costs: $300.00

Total Amount of
Restitution: $ -0-

Address: 217 Bluebonnet Dr.
Boerne 78006

Fingerprint from
RIGHT THUMB
of Defendant:



This day this cause was called for trial, and the State appeared by her District Attorney, and the Defendant, DENNIS LEE GIDDINGS having been duly arraigned, appeared in person, in open court, his counsel also being present, and both parties announced ready for trial; and it appearing to the Court that the Defendant, his counsel, and the State's attorney have agreed in writing in open court to waive a jury in the trial of this cause and to submit this cause to the Court; and the Court having consented to the waiver of a jury herein, the indictment was read, and the Defendant entered his plea of guilty thereto, and thereupon the said Defendant was admonished by the Court of the consequences of said plea, and the said Defendant persisted in the defendant's plea; and it plainly appearing to the Court that the Defendant is sane and that the defendant is uninfluenced in making said plea by any consideration of fear, or by any persuasion, or delusive hope of pardon prompting the defendant to confess the defendant's guilt, the said plea is by the Court received and here now entered of record upon the minutes of the court as the plea herein of said Defendant.

And the Court having heard all the evidence submitted for the State and the Defendant and argument of counsel is of the opinion and so finds that the said Defendant is guilty of the offense of AGGRAVATED ASSAULT, committed on the 30th day of June, 2007, in Kendall County, Texas.

EXHIBIT A

And it appearing to the Court that the Defendant, defendant's counsel, and the State's attorney have agreed in writing in open court to waive a jury and to submit the assessment of Defendant's punishment to the Court; and the Court having consented to the waiver of a jury herein, and after having heard all the evidence submitted for the State and the Defendant and argument of counsel the Court is of the opinion and so finds that the said Defendant's punishment should be by confinement in the Texas Department of Criminal Justice Institutional Division for a term of twenty (20) years, and by the payment of a fine of $-0-.

IT IS THEREFORE CONSIDERED AND ADJUDGED by the Court that the Defendant is guilty of the offense of AGGRAVATED ASSAULT, committed on the 30th day of June, 2007, as found by the Court and that the Defendant be punished as found by the Court, that is by confinement in the Texas Department of Criminal Justice Institutional Division for a term of twenty (20) years and that the State of Texas do have and recover of the said Defendant the amount of such fine, and all costs in this prosecution, for which execution may issue; and that the said Defendant be remanded to jail to await the further orders of the Court herein.

This day this cause being again called, the State appeared by her District Attorney, and the Defendant was brought into open court in person, in charge of the Sheriff, defendant's counsel also being present, for the purpose of having sentence of the law pronounced in accordance with the judgment herein rendered and entered against the said Defendant. And thereupon the Defendant was asked by the Court whether the defendant had anything to say why sentence should not be pronounced against the defendant, and the Defendant answered nothing in bar thereof. Whereupon the Court proceeded, in the presence of the said Defendant, to pronounce sentence against the defendant as follows:

It is ORDERED by the Court the Defendant, DENNIS LEE GIDDINGS, who has been adjudged to be guilty of the offense of AGGRAVATED ASSAULT committed on the 30th day of June, 2007, be, and is hereby sentenced to confinement in the Texas Department of Criminal Justice Institutional Division for a term of twenty (20) years, and by the payment of a fine in the amount of $-0-, and that the State of Texas do have and recover of said Defendant all costs of this prosecution, for which execution may issue against the property of said Defendant, and that the Defendant be delivered by the Sheriff of this County, or authorized agent of the State of Texas, to the Director of the Texas Department of Criminal Justice Institutional Division, or other person legally authorized to receive such convicts, and the said Defendant shall be confined in the manner and for the period aforesaid.

It is further ORDERED that the Defendant make restitution to Kendall County, Texas, for court appointed attorney fees in the amount of $ 7975..

It is further ORDERED by the Court that the defendant is hereby given jail credit as follows:

7/2/07- present

And the said Defendant is hereby remanded to jail until the directions of this sentence can be obeyed.

SIGNED this the 7th day of February, 2008.

_____
STEPHEN B. ABLES
Judge Presiding

copies to:

    E. Bruce Curry
    Defense Counsel
    Sheriff's Office

CERTIFICATE
I hereby certify that this is a true and correct copy of the original record on file in my office.
ATTEST: July 30, 2012.
KAY R. PUGH
District Clerk
KENDALL COUNTY, TEXAS
By: _____
Deputy





Vol.120 Pgs. 265-266

08 FEB -7 PM

Cause Number <u>4739</u>

| | |
|---|---|
| Dennis Lee Giddings | In the 216th Judicial |
| vs. | District of |
| State of Texas | Kendall County, Texas |

## Nunc Pro Tunc Order for Honorable Judge

To the Honorable Judge of said court;

Now comes Dennis Lee Giddings appearing pro-se, bringing to the attention of the trial court that the judgement in the above numbered cause contains an error in the court. There is no finding of a deadly weapon per the court and the defendant will show the following errors;

1. The trial court can correct a clerical error in the judgement at any time even after it loses plenary power over the judgement.

2. A Clerical Error is a "Discrepancy" between entry of a judgement in the official record and judgement as actually rendered. See: universe under writes Ins. co. v. ferguson 471 3.w.2d 26, 28 29-30, TX.1971.

3. On Feb. 5, 2008 a jury trial was conducted that ended in a hung jury. Attorney office extended a plea bargain for 20 years confinement in TDCJ -id, zero fine and contained no finding of deadly weapon. See Exhibit $A \varepsilon \; 3$ Under this plea, the state, after hung jury, entered the plea as waiver of the deadly weapon finding. It is common for a plea to be accepted and the paper work not corrected to show no deadly weapon finding was agreed upon. Because of this, it is now creating further injury to the defendant by violating the agreed plea of no deadly weapon finding further errors do exist.

In Code of Criminal Procedure 42.09 pen packet sent to TDCJ that is in error does not show TDCJ there is No deadly weapon finding, that is causing injury affecting good time and classification and parole.

There are many factors that could be stated on the face of this plea that has a clerical error. The plea reads No deadly weapon finding. The documents sent to TDCJ show an offense for which the judgement contains an affirmative finding causing sect. (3-G) to appear with a deadly weapon finding.



*EXHIBIT B*

> In BLANTON V. STATE 369 s.w.3d 894, 897-98 (Tex.Crim. App. 2012). The purpose of a Nunc Pro Tunc Judgement is to provide a method for trial courts to correct the record when there is discrepancy between the judgment that was actually rendered, but that for some reason was not properly entered into the record at the time of judgement. In this cause #4739 the tier of fact made was "No finding of deadly weapon." Other cases like Exparte POE 751 s.w.2d 873 (TX. Crim App. 1988) and Exparte Dopps, 723 s.w. 2d 669 (TX Crim App. 1986) were denied because a Nunc Pro Tunc could not correct a judicial error. In case number 4739 is a clerical error. In this case 4739 the trier of fact made No affirmative finding or use of deadly weapon, compare Crumptom v. State 301 s.w. 3d 663 (TX. Crim. App. 2010) where the trier of fact made an affirmative finding of the use of deadly weapon which made a Nunc pro Tunc to have no standing. In this case there is no deadly weapon finding. The trier of fact is presented with and responds in the affirmative to a special issue regarding the defendants use of exhibition of a deadly weapon or firearm during the commission of the offense.

Notice requirement of the due process clause of both the 5th and 14th Amendments of the US Constitution must be examined in that light. Polk v. state 693 s.w. 2d. 391 (TX Crim. App. 1985).

The trier of fact states in this case 4739 waiver of deadly weapon, No finding of deadly weapon. It is the courts duty to insure all functions with paperwork is correct. Using Lexis TX Code Crim. Proc. art 42.09 (2013) sec. 8 (a) (3) a written report that states the nature and the seriousness of each offense and that states the citation to the provision or provisions of the penal code or other law under which the defendant was convicted.

"Because the indictment reads to wit a knife" once the state sent the paperwork by TX Code of Criminal Proc. 42.09 without correcting the fact there is no deadly weapon finding which was conducted after the hung jury, causes serious clerical error.

Due to this, the clerical error is seen when classification or parole or the pen packet is viewed, it is entered as deadly weapon, the offense reports are also effecting this, creating a problem. It is obvious that the plea of No deadly weapon went no further than the court. Had the defendant known the effect of this, he could have followed thru to insure that a Nunc Pro Tunc order was filed and prepared to correct what is today affecting what the District Attorney offered. The waiver of

deadly weapon, is supposed to be corrected on all documents, not just voiced in court. A lot of times District Attorneys will waive enhancements on a habitual if the plea is accepted or like in this case taking a plea to waive the deadly weapon, find out later this does not place every one on the same page, just like this case. There is no weapon finding , why is defendant doing a sentence that is like a weapon crime..... The only solution would be to prepare a Nunc Pro Tunc order correcting the fact case number 4739 is not an aggravative crime or a plea with a deadly weapon or a 3G crime.

Ms Lucy Wilke, Assistant District Attorney for the 216th Judicial District Attorneys office contained No finding of deadly weapon. Defendant is not attacking the sentence, only requesting the court to correct their own error by filing a Nunc Pro Tunc stating that this crime does not have a deadly weapon finding. That the state waived this issue beings the pen-packet is incorrect with the indictment showing deadly weapon creating a 3G crime that is not true.

Wherefore premises considered, defendant prays that the court files a Nunc Pro Tunc order correcting all papers that show use of or barring deadly weapon finding for cause # 4739 to remove this from the pen packet, the judgement papers sent to TDCJ and all clerical errors.

Respectfully Submitted

Certificate of Service

I Dennis Lee Giddings Certify this Nunc Pro Tunc Motion with order was hand delivered to the District Clerk of Court 201 E. San Antonio Ave. Suite 122, Boerne, TX. on this 21 Day of May 2015.......x

ORDER

Upon Viewing of Nunc Pro Tunc order this honorable court finds there is good cause to correct deadly weapon finding and pen pal that has indictment showing deadly weapon finding and any other documents that are out of order to be corrected by way of Nunc Pro Tunc order. It is therefore ordered to send notice to TDCJ Classifications of the Nunc Pro Tunc Order to correct the error.

On this _____ Day of _____ of 2015 This Nunc Pro Tunc is granted.

_____
Honorable Judge of said Court.

FILED

15 MAY 21 PM 1:34

SUSAN JACKSON, DISTRICT CLERK
KENDALL COUNTY, TEXAS

BY: _____ DEPUTY

Dennis Lee Giddings

     vs.

State of Texas

In the 216th Judicial District

Kendall County, Texas

FILED

15 JUL 24 PM 2:10

SUSAN JACKSON, DISTRICT CLERK
KENDALL COUNTY, TEXAS
BY: _____ DEPUTY

Motion Written Objections
Failure to Rule on
Nunc pro tunc Order

To the Honorable Judge of Said Court:

Now comes Dennis Lee Giddings, Appearing pro-se, files this motion for written objections failure to rule on Nunc pro tunc defendant filed in your court, Defendant objects to the failure to rule on the Nunc pro tunc for good cause showing the following.

## I

1) Preservation of error TX.R. App. 33.1(2)(B) the trial court : has refused to rule on the request, Nunc pro tunc. (Zillenger v. State 557 s.w.2d 515.517 (TX. crim. app. 1997) that was filed on date of 5/21/2015.

2) Objection under harm, a fact is the purpose of Nunc pro tunc judgement is to provide a method for trial courts to correct the record when there is a discrepancy between the judgement as pronounced in court and the judgment as reflected in the record. See: Collins v. State 240 s.w. 3d 925,928 (TX crim. app 207).

3) Objection three, the original Nunc pro tunc because the court offered a plea with a No Deadly Weapon Finding, realizing a Nunc pro tunc will not work to correct the judgement of this finding, but will correct the pen pack that was sent to TDCJ in error, not in compliance with the plea not properly entered into the record to adjust the fact some papers show use of deadly weapon when the plea was given and the time of the judgement so when TDCJ asked for further documents to be viewed, it leads one to believe there was a deadly weapon used when it wasn't. This violates See: Jones v. State 795 s.w.2nd 199.200 (TX crim. app. 1990).

4) Texas Department of Criminal Justice requested a copy of Indictment that was sent in violation of the plea of the court because the indictment states use of

*Exhibit C*

deadly weapon, further under the HB 3671 Sheffield, is against the law, regardless, the plea has been breached. It is a lawyers responsibility, Rule 1.02 Scope and Objections of Representation (a) a lawyer shall abide by a clients decisions: which was to remove deadly weapon finding. No matter if the prosecutor or attorney is at fault, or the clerk of court, does not matter, an error is an error and some one should correct the error. THE NUNC PRO TUNC COMES INTO PLAY AND CAN CORRECT THE ERROR, A HEARING SHOULD BE SET ON ORIGINAL NUNC PRO TUNC RATHER IT'S DENIED OR NOT. IF THE COURTS GRANT THE NUNC PRO TUNC TO NOTIFY TDCJ THAT THE CASE IS NOT 3g. OR A USE OF DEADLY WEAPON, FINDING DEFENDANT OBJECTS TO THIS ERROR ALSO VIOLATES HB SHEFFIELD.

5) Objection to pen pack violation of art 42.09 (2013) sec. 8 (a) (3) Lexis TX. code crim. Proc. for being sent to TDCJ in error of original plea.

6) Objection to court after view of written objection , See: Homan v. Hughes 708 s.w. 2d 499 (TX crim. app. 1986). Trial court does not have the authority to refuse request or objections to appeal of a Nunc pro tunc Judgement i.e. not answering is a denial because defendant waived right to appeal on original sentence. The waver does not effect his right to appeal a Nunc pro tunc. See. Curry 712 s.w. 2d at 880-at 881. The Nunc pro tunc was filed in your court on 5/21/2015. A formal record that goes silent is a DENIAL.

***** ***** ***** ***** *****

This is an OBJECTION TO THE FAILURE TO SET FOR DOCKET CALL TO SET A HEARING to rule on the Nunc pro tunc under TX. R. app. P. 33.1 once an objection is provided, then a party can file notice to the court to appeal.

7) Regardless if the court appointed attorney has completed his plea process of the court, he still has a duty to correct this type of error. This is a WRITTEN OBJECTION with request that either a favorable ruling on original Nunc Pro tunc, or a denial is given with facts and conclusions of law to be provided so defendant can further his litigation of the error. The failure to comply with local rules of court to set the original Nunc pro tunc on docket call will result on the basis of the written objection for jurisdiction of an appeal. Wherefore premisses considered, defendant prays that the original Nunc pro tune is ruled on rather granted or denied

further requesting ruling of the written objectives because a formal record that goes silent is an admission you agree to this motion hence securing appellant review.

Respectively
Dennis Lee Giddings

*Dennis L. Giddings*

#1490002 Stevenson Unit
1525 FM 766
Cuero, TX 77954

## Certificate of Service

I certify on this the 24th Day of July, 2015 a true copy of the foregoing motion was hand delivered to the Clerk of Court at this address <u>201 E San Antonio Street, Suite 201, Boerne, Texas 78006.</u>    Signed *Patricia M. Giddings*

## Order of Court

Upon reviewing the written objectives it is ordered that the original Nunc pro tune is set for a hearing on this _____ day of _____, 2015 at ____am/____pm.
It is further ordered that the written objections are hereby granted. It is further ordered that TDCJ will be notified that the cause Number 4739 is not a 3(g) offense or is there a finding of the use of a deadly weapon. It is further ordered that facts and conclusions of law will be sent to offender at the Stevenson Unit of the court orders and corrections of this case.

_____
Honorable Judge of Said Court

July 26, 2015

Judge Williams

I am writing this request to you to go along with the motion that my son has filed in your court. He did file a Nunc pro tunc at the County Clerks Office in Boerne on May 21, 2015 and has not heard anything back from you or the court. I wanted to be sure that you got it directly. Thank you.

Respectfully yours,
Pat Giddings (Mother)
107 E. Winding Loop
Boerne, TX 78006
(830)981-8891

Cause NO. <u>4739</u>

The State of Texas
     vs.
Dennis Lee Giddings



In the 216 Judicial
District of Kendall
County, Texas

"Motion for Nunc-Pro-Tunc Order"
"<u>Amended Pen Pac</u>"

TO THE HONORABLE JUDGE OF SAID COURT:

Now comes Dennis Lee Giddings, defendant appearing pro-se, and respectfully moves this Honorable Court for a ruling on this motion for Nunc-pro-Tunc to amend an error in the above styled and numbered cause. In support the defendant will show this court as follows:

I.

Defendant is submitting this Motion for Nunc-pro-Tunc Pursuant to statement regarding the nature and seriousness of the offense. Under 42.09, Art. 8 of the Texas Code of Criminal Procedure, in the interest of justice and fairness and not to vex the court.

II.

In the Judgement and conviction it clearly states that the Deadly Weapon charge was waived, leaving the crime without a deadly weapon finding. Attached is the Judgement and Sentence Plea, of guilty.

FINDING AND USE OF DEADLY WEAPON: NONE... Imposed: 2-07-08.
In Art. 42.09 sec.8(a)&(3) nature and seriousness of each offense.
[A simple error has occurred. TDCJ requested the indictment which reads a deadly weapon finding, that is creating seriousness problems in Classification and Parole. A Nunc-pro-Tunc is designed to fix problems like this.]

III.

The State of Texas can ament the Pen pac with the following under the above cause number. Denis Lee Giddings was convicted of Aggravated Assault-NO DEADLY WEAPON. This Statement is to clarify the nature of the offense for

*EXHIBIT D*

which Mr. Giddings was convicted. The original "pen pac" produced by the county contains the offense report generated by local law enforcement. That report contains allegations of a violent nature including the use of a knife. Those allegations have been determined untrue. A simple statement from the State of Texas to the Classification Board at TDCJ clarifying that the indictment of deadly weapon is incorrect. This error violates Art. 42.09 of the seriousness of the offense.

(Correcting and Amending the PenPac would fix this issue. The purpose of Nunc-pro-Tunc is to correct error of this nature, see: COLLINS V. STATE 240 s.w. 3rd 925,928 TX. Crim. App. 2007). In this case the judgement was properly entered at the court level, just not at the pen-pac stage. Please correct this and notify: State Ready at TDCJ Records PO Box 95, Huntsville Texas 77342.

WHEREFORE PREMISE CONSIDERED DEFENDANT PRAYS THAT RELIEF IS GRANTED.

Respectfully Submitted

Dennis Giddings

Certificate of Service

I Dennis Lee Giddings Certify this Nunc-pro Tunc was Hand delivered to District Clerk of Court at 201 E. San Antonio Ave. Suite 122  Boerne, TX on this 18th Day of August 2015.

Cause NO. 4739

The State of Texas                          In the 216 Judicial
        vs.                                 District of Kendall
Dennis Lee Giddings                         County, Texas

### ORDER REGARDING NUNC-PRO TUNC TO AMEND PEN PAC

On this _____ day of _____, 2015, Defendant motion for Nunc-proTunc to correct pen pac.

IT IS ORDERED AND ADJUDGED AND DECREED that the Motion for Nunc-pro-Tunc should be:

_____GRANTED        _____DENIED

It is further ordered that the amended pen pac will be sent to TDCJ Classification to correct the error of the Deadly Weapon and the seriousness of the offense.

Signed and Entered on this the _____ day of _____ 2015.

_____
JUDGE PRESIDING

# Wallace T. Ferguson

*Attorney at Law*
P.O. Box 1106
Boerne, Texas 78006
Telephone (830) 249-9596
Facsimile: (830) 249-2999
fandh@gvtc.com

June 15, 2015

Mr. Dennis L. Giddings #1490002
Stevenson Unit
1525 FM 766
Cuero, TX 77954

> RE: Cause No. 4739, *State of Texas v. Dennis Lee Giddings*, in the 216th Judicial District Court, Kendall County, Texas
> Cause No. 08-035-CR, *State of Texas v. Dennis Lee Giddings*, in the County Court at Law of Kendall County, Texas
> Cause No. 08-036-CR, *State of Texas v. Dennis Lee Giddings*, in the County Court at Law of Kendall County, Texas

Dear Mr. Giddings:

I received your letter dated June 4, 2015. Having further reviewed my office files, I hereby inform you that I could not locate any additional photographs, documents or other items, of whatever kind or character, which relate to your case, other than those which I have previously sent to you.

With regard to the questions contained in your letter, aforesaid, I will do my best to provide answers:

1. I really do not recall if we ever knew the exact reason for the hung jury - I suppose that it was because all twelve jurors could not agree to a "Guilty" or "Not Guilty" verdict.

2. Also, I cannot explain why you may be classified with a deadly weapon finding. Having reviewed your Final Judgment of Conviction, dated February 7, 2008, this document clearly states that there was not a deadly weapon finding. I previously sent you a copy of this Judgment.

I do not need payment for the file research which I have done or for copying or other expenses.

I wish you well.

Very truly yours,

Wallace T. Ferguson
Attorney at Law

WTF:trm

*EXHIBIT E*

HB 1736 by Anchia - requires TDCJ to develop a reentry and reintegration plan that would include life-skills, job, and vocational training for a wrongfully imprisoned person following discharge, for as long as the services are beneficial. The bill also requires TDCJ to provide a state identification card and financial assistance to aid in covering living expenses following discharge, administered by TCOOMMI, not to exceed $10,000. The bill provides that the amount of the financial assistance is deducted from compensation provided or damages awarded the person under the Civil Practice and Remedies Code. TCOOMMI is required to develop a plan, using existing case management functions, to assist wrongfully imprisoned persons upon discharge from TDCJ in accessing medical and dental records, obtaining mental health treatment and related support services, and obtaining appropriate transitional support services. TCOOMMI will submit an annual report to the legislature regarding the provision of services to wrongfully imprisoned persons.

HB 1914 by McReynolds - abolishes the existing Private Sector Prison Industry Oversight Authority contingent upon the Bureau of Justice Assistance certifying TBCJ as the new prison industry enhancement (PIE) authority. The bill lowers the cap on the number of PIE program participants at 750 and allows for temporarily exceeding the cap. The bill also adds more extensive notification requirements before contracts are entered into, but exempts existing contracts/programs from the notification requirements. There is a requirement to pay fair market value for lease of property and provisions precluding negative impact on existing employers, but again existing contracts/programs are exempted. The balance of the Private Sector Prison Industry Oversight Account is capped at no more than $1,000,000.

HB 2004 by McCall - requires state and local agencies to notify individuals when their sensitive personal information has been acquired as a result of an unauthorized breach. Agencies must contact persons through various mediums including written or electronic communication. In certain instances, an agency may use other methods for notifying affected parties of breaches of security.

HB 2086 by Moody - makes the offenses of escape, permitting or facilitating escape, introducing or providing implements for escape, and prohibited substances and items in adult or juvenile correctional or detention facility or on property of the Texas Department of Criminal Justice or Texas Youth Commission punishable as engaging in organized criminal activity.

HB 2153 by Edwards - expands the jurisdictions in which a person committing an offense under the Code of Criminal Procedure (Ch. 62, Sex Offender Registration) may be prosecuted and requires that a person residing at a temporary or unidentified address provide the applicable law enforcement agencies with a detailed description of its geographical location.

HB 2161 by Turner - requires TDCJ to request on behalf of most releasing offenders a personal identification certificate from DPS. The bill requires TDCJ, DPS, and the Bureau of Vital Statistics of the Department of State Health Services (DSHS) to adopt a MOU that establishes the responsibilities related to the verification of the offender's identity. The bill requires TDCJ to reimburse DSHS and DPS the actual costs associated with obtaining the personal ID certificate. A similar requirement is found in HB 2730, the DPS sunset bill, which requires an inmate identification verification pilot program.

HB 2236 by Moody - entitles a victim or the representative for a victim of an assault or sexual assault who is younger than 17 years of age or whose case involves family violence to have the court consider the impact on the victim of a continuance requested by the defendant.

HB 2289 by Madden - requires TDCJ to develop a procedure for releasing offenders from the facility in which they are serving their sentence or from a regional release facility nearest their facility (bill requires no fewer than six regional release sites). The bill allows TDCJ to make exceptions if regional release is not in the best interest of the inmate or would threaten public safety. The bill calls for implementation by 9/1/2010.

HB 3226 by Madden - allows TDCJ to issue payment for use by the inmate or parolee to pay the cost of temporary post-release housing in the offender's legal county of residence at a rate not to exceed the average daily cost of incarceration. TDCJ must also provide for food, hygiene and clothing. TDCJ is directed to pay the cost of housing from funds appropriated for halfway houses. The bill applies to offenders released after 1/1/2010.

HB 3228 by Madden - authorizes TDCJ (and TYC) to own and operate electronic, mechanical or other devices for the detection and monitoring of cell phones, and authorizes the OIG to possess, install, operate and monitor these devices. Jamming devices, to the extent consistent with federal law, are also authorized. The bill also makes it illegal to obtain a cell phone or component part with intent to deliver to an offender, to possess with intent to deliver, to provide another person with a cell phone or component part with intent to deliver to an offender, or to purchase minutes for the offender's use.

HB 3438 by Hodge - provides the Board of Criminal Justice with permissive authority to transfer Dawson State Jail to the City of Dallas for a comparable facility within 20 miles of the Dawson Unit.

HB 3649 by Marquez - requires TDCJ to establish a policy that permits an inmate to receive by mail reference books and other educational materials from a volunteer organization.

HB 3653 by Marquez - prohibits the use of restraints on pregnant inmates or pregnant defendants during labor and delivery or recovery, except where necessary to ensure security and safety, or to prevent escape risks exist.

HB 3671 by Sheffield - deletes the record of arrest as a required item in the pen packet.

EXHIBIT F